JOHN A. SMITH *et al.*, Plaintiffs-Appellants, v. MICHAEL JONES, Director of the Illinois State Lottery, *et al.*, Defendants-Appellees.

Third District    No. 3—84—0164

Opinion filed January 23, 1985.—Rehearing denied March 5, 1985.

Wayne Harvey, of Harvey & Stuckel, Chartered, and Richard Parsons, both of Peoria, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Vincenzo Chimera, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:
This suit was brought by the plaintiffs-appellants, John Smith and

Dale Livingood, against the defendants-appellees, Michael Jones, Director of the Illinois State Lottery, and the Illinois State Lottery. The circuit court of Peoria County granted defendants' motion to dismiss plaintiffs' second amended complaint, which sought declaratory and injunctive relief in connection with the alleged breach of contract and fraud of the defendants in the sale of Illinois State Lottery tickets.

The facts are disclosed in plaintiffs' second amended complaint. On June 18, 1983, each plaintiff purchased tickets for the "Lotto" drawing to be held that day. Each plaintiff correctly picked the winning numbers, as did 76 other people. The defendants offered to pay each plaintiff $9,544.50, representing 1/78 of $744,471. Plaintiffs allege in substance that the defendants represented there would be a minimum grand prize each week of at least $1,000,000 to be paid to the winner or divided among the winners. The drawing in issue was actually alleged to be worth $1,750,000, because there had been no winner the previous week. The plaintiffs filed this complaint and petition for a temporary restraining order alleging breach of contract and fraud by the defendants for failure to pay each plaintiff 1/78 of $1,750,000. It is the representation concerning dividing the grand prize among multiple winners which the plaintiffs allege is fraudulent.

The defendants' motion to dismiss plaintiffs' cause of action contained several grounds for dismissal. However, the trial court granted the motion based solely on plaintiffs' failure to exhaust their administrative remedies, relying on *Foster v. Allphin* (1976), 42 Ill. App. 3d 871, 356 N.E.2d 963, as controlling. Our decision is likewise limited to the issue decided by the trial court and not to any other issue raised on appeal.

Section 7.3 of the Illinois Lottery Law provides for "hearings upon complaints charging violations of this Act or of regulations thereunder ***." (Ill. Rev. Stat. 1983, ch. 120, par. 1157.3.) Section 25 of the Illinois Lottery Law allows any party adversely affected by a final order or determination to seek judicial review pursuant to the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*). (Ill. Rev. Stat. 1983, ch. 120, par. 1175.) The general rule is judicial review of an administrative decision may not be had until the aggrieved party has exhausted all administrative remedies. (*Jackson Park Yacht Club v. Illinois Department of Local Government Affairs* (1981), 93 Ill. App. 3d 542, 417 N.E.2d 1039.) The purpose underlying the doctrine of exhaustion of administrative remedies is to allow administrative agencies to correct their own errors, clarify policies, and reconcile conflicts before resorting to judicial relief. In this manner, the aggrieved party may succeed before the agency, rendering judicial

review unnecessary. (*Kenilworth Insurance Co. v. Mauck* (1977), 50 Ill. App. 3d 823, 365 N.E.2d 1051.) An exception to the doctrine of exhaustion of administrative remedies is fraud. See *In re Application of County Treasurer* (1977), 53 Ill. App. 3d 760, 368 N.E.2d 1127; *Cummings v. Commonwealth Edison Co.* (1966), 64 Ill. App. 2d 320, 213 N.E.2d 18.

A review of the record in the present case discloses that the gist of plaintiffs' cause of action is generally grounded in fraud. We find, therefore, that the theory of plaintiffs' failure to exhaust administrative remedies relied on by the trial court is erroneous and that the *Foster* case is not dispositive because it did not involve any allegations of fraud.

Accordingly, the judgment of the circuit court of Peoria County is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

HEIPLE and BARRY, JJ., concur.