(No. 61694.—

JOHN A. SMITH *et al.*, Appellees, v. MICHAEL JONES, Director of the Illinois State Lottery, *et al.*, Appellants.

*Opinion filed June 6, 1986.—Rehearing denied September 26, 1986.*

128

CLARK, C.J., and SIMON, J., dissenting.

Neil Hartigan, Attorney General, of Springfield (Jill Wine-Banks and Roma Jones Stewart, Solicitors General, and Vincenzo Chimera and Rosalyn B. Kaplan, Assistant Attorneys General, of Chicago, of counsel), for appellants.

R. Wayne Harvey, of Harvey & Stuckel, Chartered, and Richard H. Parsons, all of Peoria, for appellees.

JUSTICE WARD delivered the opinion of the court:

The plaintiffs, John Smith and Dale Livingood, filed a complaint in the circuit court of Peoria County against Michael Jones, the Director of the Illinois State Lottery, and the "Illinois State Lottery" alleging breach of contract. The complaint, which the plaintiff amended to ask also for declaratory and injunctive relief, was dismissed on the ground of failure to exhaust administrative remedies. The appellate court reversed (130 Ill. App. 3d 390), and we granted the defendants' petition for leave to appeal (94 Ill. 2d R. 315).

On June 18, 1983, Smith and Livingood each purchased a ticket to participate in "Lotto," the weekly Illinois State Lottery drawing. The drawing held that evening disclosed that the plaintiffs were among those who had picked the winning numbers. The plaintiffs subsequently learned that there had been 78 holders of the winning numbers and that the grand prize amounted to $744,471. Their complaint alleged that the Lottery had advertised the grand prize pool to be $1,750,000 for the week concerned. It stated that the claimed announcement of a prize of $1,750,000 was an offer by the Lottery, which the plaintiffs accepted by purchasing the tickets "for good consideration." The plaintiffs claimed that the Lottery "acted *** in violation of contract law" by

refusing to pay the advertised prize, and in doing so went "beyond the authority" in the Illinois Lottery Law (Ill. Rev. Stat. 1981, ch. 120, par. 1151 *et seq.*). They asked that the Lottery produce proof to verify the other 76 winning tickets and that a temporary restraining order issue to prevent the defendants from making any distribution of prizes for subsequent Lotto drawings. The plaintiffs further asked the court to declare that Michael Jones had acted beyond his authority as Director and that the defendants were liable for "at least" one seventy-eighth of $1,750,000.

As has been stated, the circuit court held that the plaintiffs had failed to exhaust their administrative remedy, namely, a hearing under section 7.3 of the Illinois Lottery Law for "complaints charging violations" of the Illinois Lottery Law (Ill. Rev. Stat. 1981, ch. 120, par. 1157.3). The defendants also had contended in their motion to dismiss that the action was in effect a suit against the State of Illinois and was barred because of sovereign immunity. The appellate court reversed on the ground that the complaint was "generally grounded in fraud," which, the court said, excepted it from the operation of the doctrine of exhaustion of administrative remedies.

The defendants argue here that the complaint was properly dismissed not only because of failure to exhaust the administrative remedy, but because of sovereign immunity.

We will first address the question of sovereign immunity to determine whether the circuit court had subject matter jurisdiction. The plaintiffs argue that this issue was waived because it was not raised in the appellate court, but it is axiomatic that subject matter jurisdiction cannot be waived. (*People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 105.) " 'Though our constitution of 1970 abolished sovereign

immunity (Ill. Const. 1970, art. XIII, sec. 4) it was restored by the General Assembly, as the Constitution permitted.' " (*City of Springfield v. Allphin* (1978), 74 Ill. 2d 117, 123, quoting *Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392, 394; see also *Sass v. Kramer* (1978), 72 Ill. 2d 485, 489-90.) That enactment of the General Assembly provides that "[e]xcept as provided in [an act] to create the Court of Claims *** the State of Illinois shall not be made a defendant or party in any court." (Ill. Rev. Stat. 1981, ch. 127, par. 801.) The Court of Claims Act provides:

> The court shall have exclusive jurisdiction to hear and determine the following matters:
>
> (a) All claims against the state founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency ***.
>
> (b) All claims against the state founded upon any contract entered into with the State of Illinois." (Ill. Rev. Stat. 1981, ch. 37, pars. 439.8(a),(b).)

The immunity of the State is not determined by the formal designation of the parties, but rather by the issues involved and the relief sought. (*Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 408; *Sass v. Kramer* (1978), 72 Ill. 2d 485, 490-91.) Thus, the State's immunity cannot be evaded by naming an official or agent of the State as the nominal party defendant. The "official acts of State officers are in effect acts of the State itself." (*Sass v. Kramer* (1978), 72 Ill. 2d 485, 492.) There are, however, exceptions to this. An action against a State official for conduct in his official capacity will withstand a motion to dismiss the complaint on sovereign immunity grounds if the complaint alleges that the official is enforcing an unconstitutional law or violating a law of Illinois and thus acting beyond his authority. (*Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 411; *Senn*

132

*Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 187-89; *Sass v. Kramer* (1978), 72 Ill. 2d 485, 492.) In these cases it is said that the action "strips a State officer of his official status *** [and] his conduct is not then regarded as the conduct of the State, nor is the action against him considered an action against the State." *Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 37.

The plaintiffs named as defendants Michael Jones, in his official capacity as Director, and the "Illinois State Lottery," which is a division of the Department of Revenue. Of course, because of sovereign immunity the State or a department of the State can never be a proper party defendant in an action brought directly in the circuit court. (*Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 37.) We must examine the plaintiffs' complaint to determine whether their suit against the Director falls within one of the above-mentioned exceptions to the bar of sovereign immunity. The one-count complaint alleges the elements of a breach-of-contract cause of action: offer, acceptance, consideration and failure to perform. The plaintiffs do not allege that the Director was applying an unconstitutional statute, nor do they allege that the Director violated a law of Illinois. They state only that the defendant "acted outside his authority as Director *** in violation of contract law." Further, in their response to the defendants' motion to dismiss, the plaintiffs concede that the actions of the Lottery "may have been done pursuant to the *letter* of the [Lottery] Act and the rules and regulations thereunder, but are in violation of principles of contract law ***. [T]he complaint *** seeks a declaration of rights and duties pursuant to a contract." (Emphasis in original.) The plaintiffs complaint, thus, alleges only that the Director exceeded his authority by breaching a contract. Such an allegation does not deprive the defendants of

the protection of the bar of sovereign immunity. As shown above, breach-of-contract actions against the State are specifically directed to the Court of Claims (see Ill. Rev. Stat. 1985, ch. 37, par. 439.8(b)), though, alternatively, a complainant can pursue the administrative remedy provided under section 7.3 of the Illinois Lottery Law (Ill. Rev. Stat. 1981, ch. 120, par. 1157.3).

The circumstances here are unlike those in *Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169. In *Senn Park*, the plaintiff sued the Director of the Illinois Department of Public Aid to compel the disbursement of Medicaid funds in accordance with the federally approved Illinois State Medicaid plan. The Director had reduced benefits through the adoption of a rule which failed to comply with statutory notice requirements. The court in *Senn Park* adopted the reasoning of the appellate court that " 'an action to compel a public official to perform a clear and mandatory duty is not a suit against the State.' " (104 Ill. 2d 169, 189.) The "clear and mandatory duty," of course, was the duty to disburse Medicaid benefits in the manner specified by the State plan. Here the plaintiffs do not point to any clear statutory duty or statutory right to benefits. What is involved is simply a drawing in which the amount of prize money due the plaintiffs is in dispute.

The plaintiffs further argue that the Director exceeded his authority because he committed a fraud, a deceptive practice, and a criminal act as well. The plaintiffs' complaint, however, does not contain allegations of fraud and deceptive practices. "A complaint in fraud must allege that a false statement of material fact was made, that the party making the statement knew or believed it to be untrue, that the party to whom the statement was made had a right to rely on it and did so, that the statement was made for the purpose of inducing the other party to act, and that reliance by the person to

whom the statement was made led to his injury." (*Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 185-86.) The plaintiffs mention "misrepresenting" once, and in passing, in their complaint, but it is clear that the one-count complaint alleged only the elements of a breach of contract action. Too, the plaintiffs have no ground to attempt to rely now on a claim of a violation of "[an act] to protect consumers *** against fraud, *** and unfair or deceptive acts or practices" (Ill. Rev. Stat. 1981, ch. 121½, par. 261 *et seq.*), because that statute was not mentioned or referred to in the complaint. And there was no violation of the Criminal Code of 1961 alleged in the complaint. The plaintiffs' suit must be regarded as a suit against the State of Illinois and subject to the defense of sovereign immunity. We do not, as the plaintiffs claim, suggest that the State has a right to breach a contract or otherwise to act improperly. And, of course, we do not consider the claim itself of the plaintiffs that a contract was formed.

As we have pointed out, the plaintiffs' complaint failed to allege fraud, and we reverse the appellate court's holding that the complaint was "generally grounded in fraud" and not subject to the requirement of exhausting administrative remedies.

For the reasons given, the judgment of the appellate court is reversed and the dismissal of the action by the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

CHIEF JUSTICE CLARK, dissenting:

I disagree with the majority that the plaintiffs should be required to bring this suit in the Court of Claims.

The Court of Claims is a part of the legislative branch of government. It is not a court of law. In the Court of Claims, a claimant-taxpayer does not have a

right to a trial by jury. (See *S.J. Groves & Sons Co. v. State* (1982), 93 Ill. 2d 397.) Also, once a claimant has obtained a favorable decision in the Court of Claims, that decision must then be presented to the General Assembly, where an appropriation is a prerequisite for payment of the claim.

This is not a suit against the State, a suit which should be cloaked with the doctrine of sovereign immunity. The appellate court was correct in holding that the plaintiffs'· cause of action was grounded in fraud. Because I believe the appellate court was correct, I would hold this suit to be outside the perimeters of the Court of Claims Act.

In *Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 188, this court stated:

> "We believe that in this case, where the defendant officer acted in excess of his statutory authority, the rights of the plaintiffs to be free from the consequences of his action outweigh the interest of the State which is served by the sovereign immunity doctrine."

In *Senn Park* we also quoted from *Sass v. Kramer* (1978), 72 Ill. 2d 485, wherein it was stated:

> "While legal official acts of State officers are in effect acts of the State itself, *illegal acts performed by the officers are not, and when a State officer performs illegally* \*\*\*, a suit may be maintained against the officer and is not an action against the State of Illinois." (Emphasis added.) 72 Ill. 2d 485, 492.

I believe that the complaint in this case alleged facts sufficient to support a cause of action for fraud—an illegal act by a State officer. It is alleged in the amended complaint that the defendant made a false statement regarding the amount of money to be won. It is further alleged in the amended complaint that the defendant "misrepresent[ed] to plaintiffs" what the amount was, that the plaintiffs relied on that statement and were induced

136

to purchase tickets, and that their reliance and purchase of those tickets is what caused their injury. Because a fraudulent act by a State officer is in excess of his statutory authority, this suit is not a suit against the State, the doctrine of sovereign immunity is inapplicable, and the motion to dismiss was improperly allowed.

What is really at issue in this case is the trust and faith of the people of this State who purchase lottery tickets believing that since the lottery is run by the State, it will be run properly. Many people, who may not otherwise spend their hard-earned money, trust that a State-run lottery will be fair. The State should be beyond reproach in something like this because it is important for people to have faith in their government.

I believe the decision in this case is unjust for the above-stated reasons, and therefore I respectfully dissent.

JUSTICE SIMON joins in this dissent.