THOMAS R. PETERS *et al.*, Plaintiffs-Appellants, v. BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, Defendant-Appellee.

Fifth District    No. 5—03—0025

Opinion filed September 1, 2004.

Thomas R. Peters, of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellants.

Michael F. Dahlen, of Feirich, Mager, Green & Ryan, and Shari R. Rhode, of Southern Illinois University, both of Carbondale, for appellee.

JUSTICE MAAG delivered the opinion of the court:

The plaintiffs, Thomas R. Peters and S&M Enterprises, filed a single-count complaint in the circuit court of St. Clair County, Illinois, seeking administrative review of a decision of the Board of Trustees of Southern Illinois University (the Board) that requires freshman students who are single and under 21 years old and who are not living with a parent or legal guardian to live in university-owned housing. The Board filed a motion to transfer the action to Jackson County, Illinois, on the ground that venue was not proper in St. Clair County. The circuit court granted the motion and ordered the action transferred to the circuit court in Jackson County, Illinois. On appeal, the plaintiffs claim that the circuit court's decision was an abuse of discretion.

Plaintiff S&M Enterprises (S&M) operates Stevenson Arms, a facility providing housing for freshman students attending Southern Illinois University in Carbondale, Illinois. Plaintiff Thomas R. Peters, a St. Clair County resident, is S&M's attorney. Peters has a limited power of attorney granted by S&M with respect to all transactions between Stevenson Arms and Southern Illinois University's housing department (the housing department). In the academic years 1995-96

through 2001-02, the housing department classified Stevenson Arms as an accepted living center for freshman students. In order to be classified as an accepted living center, a facility must apply for approval and meet specific criteria.

In 2002, the Board made a policy decision that "all single freshman students under the age of 21 not residing with their parents or legal guardians be required to live in university-owned housing." The prior policy required all freshmen and sophomores to live on campus or in accepted off-campus housing. The new policy was to go into effect at the start of the fall semester of 2003. In a letter dated July 11, 2002, the Board notified the plaintiffs of its decision. As a result of the Board's decision, the classification of accepted living center for freshman students was eliminated and the privately owned Stevenson Arms could no longer operate as an accepted freshman dormitory.

On August 9, 2002, the plaintiffs filed a complaint in the circuit court of St. Clair County and sought administrative review of the Board's decision, pursuant to section 3—101 *et seq.* of the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2000)). In their complaint, the plaintiffs claimed that the Board's decision was invalid, improper, and/or arbitrary and capricious and requested that the court enter an order striking the decision and for other relief within the subject matter jurisdiction of the court.

The Board filed a motion to transfer the case to Jackson County, Illinois. The Board alleged that venue was improper because no part of the transaction or occurrence had taken place in St. Clair County and the Board's principal office was not in St. Clair County. The plaintiffs countered that venue was proper under section 2—103(a) of the Civil Practice Law (735 ILCS 5/2—103(a) (West 2000)) because the subject matter of the decision involved and affected students from St. Clair County seeking to attend the university for the fall semester of 2003 and because in prior years the applications seeking the classification of Stevenson Arms as an approved freshman residence were executed in St. Clair County.

The parties filed additional motions before the venue motion was heard. The plaintiffs filed a motion to amend the complaint to add counts for *mandamus* and *certiorari*. The Board filed a motion to dismiss the complaint on the grounds that it failed to state a cause of action and that the circuit court lacked subject matter jurisdiction of the action. There is nothing in the record indicating that the circuit court ruled on these motions.

After considering oral and written arguments of the parties, the circuit court granted the venue motion and ordered the case transferred to Jackson County, Illinois. The court found that the subject

matter of the action was situated in Jackson County, that all the parts of the transaction giving rise to the proceedings occurred in Jackson County, that the Board's principal office was in Jackson County, and that all the records and evidence were located in Jackson County.

As noted in the fact summary, there is nothing in the record before us to indicate that the circuit court ruled on the plaintiffs' motion to amend the complaint to add counts for *mandamus* and *certiorari*. Consequently, the only allegations at issue are those contained in the initial complaint, and we will consider the issues on appeal in light of those allegations. Despite the lack of a ruling on the Board's motion to dismiss for a lack of jurisdiction, we will consider that issue because subject matter jurisdiction cannot be waived. See *Smith v. Jones*, 113 Ill. 2d 126, 130, 497 N.E.2d 738, 740 (1986).

■ Article XIII, section 4, of the Illinois Constitution abolished sovereign immunity, "[e]xcept as the General Assembly may provide by law." Ill. Const. 1970, art. XIII, § 4. In accordance with that constitutional grant of authority, the legislature subsequently enacted the State Lawsuit Immunity Act (Immunity Act) (Pub. Act 77—1776, § 1, eff. January 1, 1972). Section 1 of the Immunity Act states that the State shall not be made a defendant or party in any court, except as provided in the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 2000)), the Court of Claims Act (705 ILCS 505/1 *et seq.* (West 2000)), and the State Officials and Employees Ethics Act (Ethics Act) (5 ILCS 430/1—1 *et seq.* (West Supp. 2003)). 745 ILCS 5/1 (West Supp. 2003). Given the facts in the record, the Illinois Public Labor Relations Act and the Ethics Act are not implicated. In this case, we must first determine whether the Board is entitled to sovereign immunity and, if so, whether the Court of Claims has exclusive jurisdiction of the pending action pursuant to the Immunity Act. See *Ellis v. Board of Governors of State Colleges & Universities*, 102 Ill. 2d 387, 391, 466 N.E.2d 202, 204 (1984).

■ Generally, a state agency may not be a defendant in circuit court actions because state agencies are considered to be arms of the State. See *Williams v. Medical Center Comm'n*, 60 Ill. 2d 389, 393-94, 328 N.E.2d 1, 3 (1975). There are numerous decisions finding that a state university and its board of trustees are arms of the State. See, *e.g.*, *Williams*, 60 Ill. 2d at 393-94, 328 N.E.2d at 3; *Ellis*, 102 Ill. 2d at 393, 466 N.E.2d at 205-06; *Hoffman v. Yack*, 57 Ill. App. 3d 744, 747, 373 N.E.2d 486, 489 (1978). In this case, there appears to be no dispute regarding the status of the Board as an arm of the State, and so an extended discussion is unwarranted. Based on the record, the provisions in the Southern Illinois University Management Act (110 ILCS 520/0.01 *et seq.* (West 2000)), and the aforementioned case law, we

conclude that the Board is an arm of the State for purposes of sovereign immunity.

■ The next question is whether the cause of action lies within the exclusive jurisdiction of the Court of Claims. *Ellis*, 102 Ill. 2d at 394, 466 N.E.2d at 206. Whether an action against the State is within the exclusive jurisdiction of the Court of Claims depends on the issues involved and the type of relief sought. See *Ellis*, 102 Ill. 2d at 394, 466 N.E.2d at 206.

Section 8(a) of the the Court of Claims Act states that the Court of Claims shall have exclusive jurisdiction to hear and determine "[a]ll claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency; provided, however, the court shall not have jurisdiction *** (ii) to review administrative decisions for which a statute provides that review shall be in the circuit court or appellate court." 705 ILCS 505/8(a)(ii) (West 2000).

■ In their complaint, the plaintiffs requested administrative review of the Board's decision under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2000)). Pursuant to section 3—102 of the Administrative Review Law, judicial review of a final decision of any administrative agency is applicable only where it is expressly adopted by the statute creating or conferring power on the agency involved. 735 ILCS 5/3—102 (West 2000); *Maas v. Board of Trustees of Community College District No. 529*, 94 Ill. App. 3d 562, 572, 418 N.E.2d 1029, 1037 (1981). The statutes creating and governing the operations of Southern Illinois University and its board of trustees do not expressly adopt the provisions of the Administrative Review Law. See 110 ILCS 520/0.01 *et seq.* (West 2002). Therefore, the decision of the Board is not subject to review under the Administrative Review Law.

The plaintiffs have not pointed to any other statute or rule that provides that review of the Board's decisions shall be in the circuit court or appellate court. In the absence of that authority, section 8(a)(ii) gives the Court of Claims exclusive jurisdiction to review the Board's decision. 705 ILCS 505/8(a)(ii) (West 2000). Consequently, the circuit court did not have subject matter jurisdiction to order this case transferred to the circuit court in Jackson County, Illinois, and we hereby vacate that order. Likewise, the circuit court lacked jurisdiction to transfer the case to the Court of Claims. Without jurisdiction, the circuit court could only dismiss the action. Because the jurisdictional issue is dispositive, we will not consider the other issues raised on appeal.

Accordingly, the decision of the circuit court is vacated. Pursuant

to our authority under Supreme Court Rule 366 (155 Ill. 2d R. 366), we hereby dismiss this case for lack of subject matter jurisdiction.

Vacated; judgment of dismissal entered.

HOPKINS and WELCH, JJ., concur.