OFFICE OF THE LAKE COUNTY STATE'S ATTORNEY, Plaintiff-Appellant, v. THE ILLINOIS HUMAN RIGHTS COMMISSION *et al.*, Defendants-Appellees.

Second District No. 2—89—1000

Opinion filed July 26, 1990.

Fred L. Foreman, State's Attorney, of Waukegan (John W. Bartels IV, Assistant State's Attorney, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Office of the General Counsel, Illinois Human Rights Commission, of Chicago (Robert J. Ruiz, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellee Illinois Human Rights Commission.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff, the office of the Lake County State's Attorney (the State's Attorney), appeals the dismissal of its complaint for an order of prohibition and declaratory judgment against the defendants, the Illinois Human Rights Commission (the Commission) and former Lake County Assistant State's Attorney Marian McElroy (McElroy).

McElroy was suspended from her job as an assistant State's Attorney in Lake County in December 1985 and was discharged on January 3, 1986. On December 18, 1985, McElroy filed a discrimination charge against the State's Attorney with the Department of Human Rights (the Department). The State's Attorney's motion to dismiss McElroy's complaint for lack of jurisdiction was denied by the Department.

The Department later found insufficient evidence of discrimination and dismissed the charge. McElroy's motion to reconsider was granted, however, and, in October 1988, the Department filed a complaint against the State's Attorney with the Commission charging that the State's Attorney discriminated against McElroy and suspended and discharged her in violation of the Illinois Human Rights Act (the Act) (Ill. Rev. Stat. 1987, ch. 68, par. 1—101 *et seq.*).

The complaint alleged McElroy was being discriminated against because of her race and sex. It charged she was not given the same number of trial opportunities as similarly situated white male employees; that the State's Attorney informed her that she "was not fitting in with the boys because she did not go out drinking with the boys and that she was not bubbly like another black female attorney"; and that she was not promoted to the position of principal assistant State's Attorney because of her lack of experience. The complaint further charged that the State's Attorney's stated reason for suspending McElroy was because she ignored the policies and objectives of the of-

fice in negotiating criminal cases and for being insubordinate to her supervisor.

On December 28, 1988, the State's Attorney filed the instant complaint in the circuit court of Lake County for an order of prohibition and declaratory judgment against the Commission and McElroy. The complaint alleged that the Commission and its hearing officer were without jurisdiction and beyond their legitimate authority to adjudicate the allegations of the complaint filed by the Department setting forth McElroy's grievance. It prayed for an order of prohibition commanding the Commission to refrain and desist in any further proceedings with regard to the Department's complaint and for issuance of an order to show cause why an order of prohibition should not be issued against the Commission. The State's Attorney's complaint further asked for a declaration that assistant State's Attorneys are not "employees" and that the office of the Lake County State's Attorney is not an "employer" or "person" as defined in the Act.

The State's Attorney also filed a motion to dismiss with the Commission on December 31, 1988, claiming the Commission had no jurisdiction over the complaint filed by the Department. As far as may be determined from the record before us, proceedings before the Commission were not stayed pending the instant cause.

In response to the State's Attorney's instant complaint for an order of prohibition and declaratory judgment, the Commission, represented by the Attorney General's office, filed a motion to dismiss for lack of jurisdiction pursuant to section 2—619 of the Civil Practice Law, and McElroy adopted this motion as her own as well. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(1).) The trial court granted the defendants' motions to dismiss. It found the Human Rights Act was the exclusive remedy for alleged human rights violations and that the State's Attorney must first exhaust the available administrative remedies. The court struck and dismissed the State's Attorney's complaint, and this appeal followed.

The State's Attorney argues the trial court was vested with jurisdiction to consider the scope of the Commission's authority and that it erred in dismissing the complaint for an order of prohibition and declaratory judgment. He also argues the merits of the question of whether the Commission has jurisdiction to adjudicate McElroy's charges and concludes that it does not based (1) on public policy grounds which mandate that he be allowed to implement his unique discretionary prosecutorial policies through assistants who are absolutely loyal to the broad objectives chosen by him; and (2) on the fact that assistant State's Attorneys are not "employees" and that he is

not an "employer" or "person" as those terms are defined in the Act (Ill. Rev. Stat. 1987, ch. 68, pars. 2—101(A), (B), 1—103(L)).

McElroy argues the Commission has jurisdiction to adjudicate her discrimination complaint because the State's Attorney—having prosecutorial powers and being part of the executive branch of the State of Illinois government—is an "employer" within the meaning of the Act and that she—not being a supervisor or deputy interfacing directly with the State's Attorney—is not a member of an elected public official's "immediate personal staff" and, thus, is an "employee" included within the Act's protection. McElroy also argues the trial court did not err in granting her motion to dismiss because the State's Attorney did not exhaust his administrative remedies and, further, no order of prohibition could issue because the Commission is not of "inferior" jurisdiction to the circuit court.

The Commission argues the trial court's dismissal was proper since exclusive jurisdiction of civil rights violations is vested in the Department and the Commission which are charged with the administration of the Act, the exclusive remedy for such violations, and because the State's Attorney failed to exhaust his administrative remedies.

For the reasons stated below, we find the trial court erred in dismissing the State's Attorney's complaint for an order of prohibition and declaratory judgment.

The defendants' motions to dismiss were filed pursuant to section 2—619 of the Civil Practice Law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(1).) Such a motion alleges that the court does not have jurisdiction over the subject matter of the action. "Subject matter jurisdiction" is the power to hear and determine causes of the general class of cases to which the particular case belongs. (*Newkirk v. Bigard* (1985), 109 Ill. 2d 28.) The subject matter of the action raised by the State's Attorney's complaint for an order of prohibition and declaratory judgment was whether the Commission has authority to adjudicate McElroy's complaint of discrimination against him. Integral to deciding that issue was a determination of whether the State's Attorney is an "employer" or "person" and whether McElroy is an "employee" within the meaning of the Act. (Ill. Rev. Stat. 1987, ch. 68, pars. 2—101(B), 1—103(L), 2—101(A).) The trial court dismissed the complaint on the basis it had no jurisdiction to decide a cause which involved employment discrimination and that the State's Attorney must first exhaust his administrative remedies. Inasmuch as the trial court dismissed the cause on that basis, it did not reach the merits of the issue of whether the State's Attorney and McElroy fall within the

definitions of either "employer," "person" or "employee" as set forth in the Act.

The sole issue raised in this appeal is whether the circuit court erred in dismissing—thereby effectively denying—the State's Attorney's complaint for an order of prohibition and declaratory judgment.

■ Preliminarily, we note that the purpose of a writ of prohibition is to prevent judicial or quasi-judicial action that would be taken without jurisdiction or that would be beyond the scope of legitimate jurisdictional authority. (*People ex rel. Foreman v. Nash* (1987), 118 Ill. 2d 90, 97.) The requirements to be met before a writ of prohibition will be issued were recently set forth in *Orenic v. Illinois State Labor Relations Board* (1989), 127 Ill. 2d 453, 468, to wit:

"For a writ of prohibition to be issued, the action to be prohibited must be judicial or quasi-judicial in nature; the jurisdiction of the tribunal against which the writ is sought must be inferior to that of the issuing court; the action to be prohibited must be either outside the tribunal's jurisdiction or, if within its jurisdiction, beyond its legitimate authority; and the petitioner must be without any other adequate remedy."

■ As to declaratory judgment, such a proceeding may be employed alone or in combination with other remedies to determine questions as to the construction or interpretation of statutes and is an appropriate method for determining controversies relating to such construction (Ill. Rev. Stat. 1987, ch. 110, par. 2—701(a); *Farm to Market Truckers Association, Inc. v. Perrine* (1959), 21 Ill. App. 2d 118 (abstract of opinion)). The declaratory judgment procedure does not create substantive rights or duties but merely affords a new, additional, and cumulative procedural method for their judicial determination. The existence of another adequate remedy is a bar to a declaratory judgment action. (*Goodyear Tire & Rubber Co. v. Tierney* (1952), 411 Ill. 421.) Original jurisdiction for declaratory judgment proceedings lies in the circuit court (*Charleston National Bank v. Muller* (1974), 16 Ill. App. 3d 380) as does original jurisdiction under the constitution (concurrently with the supreme court) to issue writs of prohibition in a proper case. Ill. Const. 1970, art. VI, §§4, 9; *People ex rel. Sokoll v. Municipal Court* (1934), 276 Ill. App. 102, 117, *aff'd* (1934), 359 Ill. 102.

■ Generally, of course, it is well established that administrative remedies must first be exhausted before equitable relief is sought from the courts. (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 308; *Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 35.) The reasoning underlying the exhaustion doctrine was articulated in *Illi-*

*nois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358:

"(1) [I]t allows full development of the facts before the agency; (2) it allows the agency an opportunity to utilize its expertise; and (3) the aggrieved party may succeed before the agency, rendering judicial review unnecessary."

It is equally well established that "[a]ny power or authority claimed by an administrative agency must find its source within the provisions of the statute by which the agency was created." (*Mitee Racers, Inc. v. Carnival-Amusement Safety Board* (1987), 152 Ill. App. 3d 812, 816.) Where the very authority of an administrative body is in question, a question of law, not fact, is presented, and the determination of the scope of its power and authority is a judicial function and is not a question to be finally determined by the administrative agency itself. (*Mitee Racers, Inc.*, 152 Ill. App. 3d at 816; *Chemetco, Inc. v. Pollution Control Board* (1986), 140 Ill. App. 3d 283.) As noted in *People ex rel. Thompson v. Property Tax Appeal Board* (1974), 22 Ill. App. 3d 316, 321, an administrative agency often does determine the scope of its own jurisdiction; when an agency acts or refuses to act in a case, it necessarily determines whether the subject matter and its activity are or are not within the purview of the statute creating the agency.

The exhaustion of remedies doctrine does not preclude a challenge to the jurisdiction of the administrative agency, however. (*Board of Education of Warren Township High School District 121 v. Warren Township High School Federation of Teachers, Local 504* (1989), 128 Ill. 2d 155, 163-64.) This is because such a determination involves no questions of fact which would implicate the agency's particular expertise. (*Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 550-51.) The exhaustion of administrative remedies is not required where a party attacks an agency's assertion of jurisdiction "on its face and in its entirety on the ground that it is not authorized by statute." *Landfill, Inc.*, 74 Ill. 2d at 551.

■ The issue raised by the State's Attorney with respect to whether he is an "employer" or "person" or whether McElroy is an "employee" as defined in the Act presents just such an attack on the Commission's jurisdiction, and, consequently, he was not required to exhaust his administrative remedies before seeking relief in the circuit court. (*County of Kane v. Carlson* (1986), 140 Ill. App. 3d 814, 816, *aff'd* (1987), 116 Ill. 2d 186 (issue of whether deputy circuit clerks are "public employees" under the Public Labor Relations Act is an attack on the Illinois State Labor Relations Board's jurisdiction which comes within the exception to the exhaustion doctrine).) The questions pre-

sented by the State's Attorney's attack on the jurisdiction of the Commission here are "entirely legal and do not require fact finding by the administrative agency or an application of its particular expertise." *County of Kane*, 116 Ill. 2d at 199.

The exhaustion doctrine did not preclude the circuit court's jurisdiction to consider the State's Attorney's complaint because the State's Attorney was not seeking review of any decision made by the Commission, nor was it seeking to circumvent the Act—which is the exclusive source of redress for alleged human rights violations (*Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 7)—by having the circuit court actually adjudicate McElroy's complaint of discrimination. Rather, he was challenging the jurisdiction of the Commission to adjudicate it. The State's Attorney need not first subject himself to an exercise of jurisdiction of the Commission, which is not authorized by law simply to obtain a decision from which he could seek rehearing *en bloc* and, ultimately, appeal. (*People ex rel. Sokoll v. Municipal Court* (1934), 276 Ill. App. 102, 120.) "[W]here the remedy of administrative and judicial review would come only after a hearing which the [administrative agency] has no jurisdiction to hold, it can be said that, as a matter of law, [the plaintiff] has no other adequate remedy than the writ of prohibition." *People ex rel. Olin Corp. v. Department of Labor* (1981), 95 Ill. App. 3d 1108, 1112.

As the State's Attorney points out, a writ of prohibition is tailor-made to challenge and prevent an inferior tribunal from adjudicating matters which are either not under its jurisdiction or, if within its jurisdiction, beyond its legitimate authority. Such a writ was ordered to be entered in *Board of Trustees of the Police Pension Fund v. Illinois Human Rights Comm'n* (1986), 141 Ill. App. 3d 447 (*Urbana*). In *Urbana*, the complainant policeman, a diabetic, filed a charge of handicap discrimination with the Commission after his application for participation in the police pension fund of the City of Urbana was denied. The police pension board moved to dismiss, alleging the Commission did not have authority to decide the issue. After the Commission denied the board's motion to dismiss, the board filed a complaint in the circuit court seeking an order of prohibition to prevent the Commission from proceeding on the discrimination complaint. On appeal, the circuit court's dismissal of the complaint for failure to state a cause of action (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) was reversed and the cause was remanded with directions to enter an order of prohibition.

Noting that the Commission generally had subject matter jurisdiction over the handicap discrimination complaint under the Act, the reviewing court found an exception to the Commission's exclusive jurisdiction over

the alleged discrimination was "otherwise provided by law" in the Illinois Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 1—101 *et seq.*), and, thus, adjudication of the complainant's discrimination claim was beyond the Commission's legitimate jurisdictional authority. The Illinois Pension Code gave the police pension board the exclusive power and duty to manage the pension fund. That exclusive power *necessarily* required it to consider an applicant's medical condition since an application to participate in the fund could be denied due to an applicant's medical problems. The court agreed that an order of prohibition is available to prevent action by an agency with regard to a topic or a subject matter regarding which the legislature has vested exclusive authority in another tribunal. *Urbana*, 141 Ill. App. 3d at 453.

As the Commission here points out, the exception to the Act's exclusivity which was carved out in *Urbana* has been construed to be a narrow one. (See *Village of Bellwood Board of Fire & Police Commissioners v. Human Rights Comm'n* (1989), 184 Ill. App. 3d 339, 347.) We reject the Commission's attempt to distinguish *Urbana*, however, on the basis there was another agency vested with jurisdiction over the handicap discrimination complaint there whereas the State's Attorney's position here is that he is simply not subject to the provisions of the Act. Clearly, a writ of prohibition is at least as available, if not more so, to prevent action by an agency with regard to a subject matter over which the legislature has not vested jurisdiction in it at all much less vested jurisdiction in another agency. Although it is yet to be determined on remand whether McElroy may obtain redress under the Act, if the Act is found not to apply, we note it has been held that the Act does not preempt discrimination claims filed directly under article I, section 17, of the Illinois Constitution (no discrimination in employment on basis of race, color, creed, national ancestry and sex) where the claim does not otherwise fall within the purview of the Act. Ill. Const. 1970, art. I, §17; *Ritzheimer v. Insurance Counselors, Inc.* (1988), 173 Ill. App. 3d 953.

In sum, we conclude the circuit court of Lake County had subject matter jurisdiction to consider the State's Attorney's complaint for an order of prohibition and declaratory judgment. Accordingly, the judgment of the circuit court of Lake County is reversed, and the cause is remanded to the circuit court of Lake County for further proceedings.

Reversed and remanded.

DUNN and McLAREN, JJ., concur.