MAGNA TRUST COMPANY, as Trustee, Plaintiff-Appellee, v. THE DEPARTMENT OF TRANSPORTATION, Division of Water Resources, *et al.*, Defendants-Appellants.

Fifth District No. 5—91—0418

Opinion filed October 2, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellants.

Harry J. Sterling, of Harry J. Sterling, P.C., of Fairview Heights, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Magna Trust Company, as trustee under trust No. 6656 (hereinafter referred to as the Trustee), brought a civil rights action in the circuit court of St. Clair County pursuant to 42 U.S.C.A. §1983 (West 1981). The purpose of that action was to compel the Illinois Department of Transportation (IDOT) to specifically perform certain contractual obligations imposed by an agreement governing its temporary easement on the Trustee's property. In addition to IDOT, the complaint named as defendants Michael P. Lane and Greg Baise, the past and present secretaries of IDOT, who were sued in their official capacities.

Following a bench trial, the circuit court found that defendants had breached the terms of the easement agreement by depositing unauthorized materials on the subject property and by failing to restore that property to its original condition once the easement was terminated. Based on this finding, the court ordered defendants to remove "all materials other than soil materials from the premises" and to restore those premises to their previous condition. The court also awarded the Trustee its reasonable costs and attorney fees. Defend-

ants now appeal, arguing, among other things, that they are not subject to suit under 42 U.S.C.A. §1983 (West 1981). We agree.

 Section 1983 (42 U.S.C.A. §1983 (West 1981)) provides:

"Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (Emphasis added.)

The United States Supreme Court has now made clear that States may not be sued under section 1983 because they do not constitute "persons" within the meaning of the statute. (*Will v. Michigan Department of State Police* (1989), 491 U.S. 58, 105 L. Ed. 2d 45, 109 S. Ct. 2304.) Because a suit against the Illinois Department of Transportation is considered to be a suit against the State itself (see *Swope v. Northern Illinois Gas Co.* (1991), 221 Ill. App. 3d 241, 242, 581 N.E.2d 819, 821), the Trustee's action against IDOT should not have been permitted to go forward, and the circuit court's judgment in favor of the Trustee and against IDOT cannot stand.

 All that remains are the claims against Greg Baise and Michael P. Lane, the past and present heads of IDOT. From the record, it is apparent that those defendants have been sued solely in their official capacities. A suit against a State official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself (*Will*, 491 U.S. at 71, 105 L. Ed. 2d at 58, 109 S. Ct. at 2311) and is likewise impermissible.

An exception to this rule exists where the plaintiff seeks prospective injunctive relief from the State official. In such cases, the official is deemed to be a "person" within the meaning of section 1983 even where he is sued in his official capacity, for " 'official-capacity actions for prospective relief are not treated as actions against the State.' " (491 U.S. at 71 n.10, 105 L. Ed. 2d at 58 n.10, 109 S. Ct. at 2311 n.10, quoting *Kentucky v. Graham* (1985), 473 U.S. 159, 167 n.14, 87 L. Ed. 2d 114, 122 n.14, 105 S. Ct. 3099, 3106 n.14.) In this case, however, the relief sought was not prospective in nature. The Trustee was not attempting to enjoin any future actions by defendants. Indeed, there was no future action to enjoin. The easement was at an end, and the dumping of the offending "nonsoil" materials on the subject property had already ceased.

What the Trustee sought here was simply to hold defendants accountable for their past breach of the easement agreement. Such a claim was no more "prospective" than a conventional damage action would have been. All that differentiated it from such a claim was the particulars of the relief requested. Instead of a cash award to compensate it for the diminution in the property's value or to cover the expense of restoring the property, the Trustee asked that defendants be compelled to perform the cleanup and restoration work themselves as the easement agreement had specifically required. For the purposes of determining what constitutes a "person" within the meaning of section 1983, we fail to see, and the Trustee has not explained, why this difference should be given any significance. The effect on the State of granting specific performance is no less direct or adverse than an award of money damages, and in either case the object is the same: to make the Trustee whole for a loss it has already sustained. Protection from future injury is not a consideration.

In an attempt to find some alternative basis for sustaining the circuit court's judgment, the Trustee argues that even if it does not have a cognizable claim under 42 U.S.C.A. §1983 (West 1981), it was still entitled to recover based on common law principles of breach of contract. IDOT correctly observes, however, that because of sovereign immunity, the State or a department of the State can never be a proper party defendant in a common law action brought directly in the circuit court. (*Smith v. Jones* (1986), 113 Ill. 2d 126, 132, 497 N.E.2d 738, 740.) Exclusive jurisdiction over claims against the State is vested in the Court of Claims. *Patzner v. Baise* (1990), 133 Ill. 2d 540, 545, 552 N.E.2d 714, 716.

The Trustee cannot avoid this limitation through its inclusion of Lane and Baise as defendants. Although sovereign immunity will afford no protection where an agent of the State has acted in violation of statutory or constitutional law or in excess of his authority (*Henderson v. Beckman Texaco* (1991), 213 Ill. App. 3d 1054, 1058, 573 N.E.2d 369, 371), the only impropriety charged against Lane and Baise is that they violated the terms of the easement agreement. Such allegations of breach of contract are not sufficient to deprive State officials of the protection of the bar of sovereign immunity. *Smith v. Jones*, 113 Ill. 2d at 132-33, 497 N.E.2d at 741.

The Trustee protests that it should nevertheless be allowed to proceed in circuit court because the Court of Claims has no authority to grant the remedy of specific performance, which is what it seeks. A similar argument was expressly considered and rejected by our supreme court in *Ellis v. Board of Governors* (1984), 102 Ill. 2d 387,

395, 466 N.E.2d 202, 206-07. In that case, the court held that where, as here, a plaintiff seeks redress from the State for a wrong which has already occurred, he will only be permitted to proceed in the Court of Claims, even if he will thereby lose the option of obtaining injunctive relief. While the Trustee may regard this limitation as unfair, we can only refer to our supreme court's observation that " '[i]f the inequities inherent in the doctrine of sovereign immunity are to be remedied, it is for the legislature and not this court to act.' " *Patzner v. Baise* (1990), 133 Ill. 2d 540, 548, 552 N.E.2d 714, 718, quoting *S.J. Groves & Sons Co. v. State* (1982), 93 Ill. 2d 397, 407, 444 N.E.2d 131, 136.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is reversed.

Reversed.

CHAPMAN and RARICK, JJ., concur.