SANDRA BORCHERDING *et al.*, Plaintiffs-Appellees, v. ANDERSON RE-MODELING COMPANY, INC., Defendant (Ron Kafka, Defendant-Appellant).—LESTER WATSON *et al.*, Plaintiffs-Appellees, v. KAFKA, INC., Defendant (Ron Kafka, Defendant-Appellant).

Second District    Nos. 2—92—1041, 2—92—1084 cons.

Opinion filed December 9, 1993.

Douglas Drenk, of Douglas Drenk & Associates, P.C., of Wheaton, for appellant.

Maureen Flaherty, of Lehrer, Flaherty & Canavan, of Wheaton, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

This is a consolidated appeal. In two separate actions the trial court entered default judgments against defendant Ron Kafka. In cause No. 2—92—1041, the trial court entered a judgment in favor of plaintiffs Sandra Borcherding and Charlotte Evans (Borcherding plaintiffs) against defendants Ron Kafka (Kafka) and Anderson Remodeling Co. (Anderson), jointly and severally. In cause No. 2—92—1084, the trial court entered a judgment in favor of plaintiffs Lester and Carol Watson (Watson plaintiffs) against Kafka, Inc., and Ron Kafka, individually. Kafka, individually, appeals in both actions from the trial court's denials of his petitions for relief from the judgments under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)). Anderson is not a party in the Borcherding appeal. Kafka claims in both appeals that the trial court erred in denying his

section 2—1401 petitions because the underlying default judgments were void. He claims that the Borcherding judgment was void both because the Borcherding plaintiffs' complaint failed to state a cause of action and because the arbitration award by Anderson against the Borcherding plaintiffs renders their claims *res judicata*. Kafka further claims that the Watson judgment was void because the Watson plaintiffs' complaint failed to state a cause of action.

On February 6, 1991, the Borcherding plaintiffs filed a two-count complaint against defendant Anderson and Kafka. They sued Kafka in both his "representative [*sic*]" and individual capacities. Their complaint alleged the following. Kafka was the employee and/or agent of Anderson. They informed Kafka that they would not enter into a contract with any company connected to a company called "Father and Sons." Kafka represented to them that Anderson was a reputable and reliable company which would provide suitable remodeling services and that Anderson was not connected with Father and Sons. In reliance on these representations, they entered into a remodeling contract with Anderson and made a down payment. Kafka's statements were willfully and intentionally false. When they learned that Anderson was the successor company to Father and Sons, they attempted to revoke the contract. Kafka and Anderson refused to honor their revocation. Kafka and Anderson obtained an arbitration award against them in the amount of $13,200.23 based on the contract.

Count I of the Borcherding plaintiffs' complaint alleged a violation of the Consumer Fraud and Deceptive Business Practices Act (Act) (815 ILCS 505/1 *et seq.* (West 1992)), and count II alleged common-law fraud. They sought $25,000 in compensatory damages and $250,000 in punitive damages.

The Borcherding plaintiffs attempted to serve Anderson and Kafka this complaint on several occasions but were unsuccessful. After the trial court appointed a special process server, the Borcherding plaintiffs finally served Kafka on May 29, 1991. On August 9, 1991, the Borcherding plaintiffs moved for a default judgment against Kafka and Anderson on the ground that neither of them had made an appearance or filed an answer.

On August 12, 1991, the trial court found Anderson and Kafka in default. The trial court scheduled a hearing for the Borcherding plaintiffs to prove up their damages. On August 14, 1991, Anderson moved to dismiss the Borcherding plaintiffs' complaint. Anderson asserted that on January 13, 1991, Anderson had obtained an arbitration award against the Borcherding plaintiffs which precluded their present cause of action. On August 20, 1991, rather than rule on

Anderson's motion to dismiss, the trial court entered a default judgment in favor of the Borcherding plaintiffs. The trial court awarded to the Borcherding plaintiffs $5,600 in compensatory damages and $18,000 in punitive damages. In addition, the trial court revoked the contract between the parties and extinguished the Borcherding plaintiffs' liability on the contract. The trial court further awarded the Borcherding plaintiffs $571.10 in costs and $2,000 in attorney fees.

On July 15, 1992, Kafka, individually, petitioned under section 2—1401 for relief from the default judgment against him and moved to dismiss the Borcherding plaintiffs' complaint. Kafka denied that he had represented to the Borcherding plaintiffs that Anderson had no connection to Father and Sons. Kafka asserted, therefore, that the Borcherding plaintiffs failed to state a claim against him. On July 30, 1992, the trial court denied Kafka's section 2—1401 petition.

Kafka, individually, appealed the denial of his section 2—1401 petition pursuant to Supreme Court Rule 304(b)(3) (134 Ill. 2d 304(b)(3)). As noted above, Anderson is not a party in this appeal. Kafka claims that the Borcherding plaintiffs failed to state a claim against Kafka under either the Act or under common-law fraud. Therefore, according to Kafka, the default judgment against him was void, and he was entitled to relief from that judgment under section 2—1401 regardless of whether he acted with due diligence. He also argues that the damage award was void because the Borcherding plaintiffs did not state sufficient facts to support an award of punitive damages. Kafka further argues that the Borcherding judgment was void because the arbitration award that Anderson obtained against the Borcherding plaintiffs rendered the Borcherding plaintiffs' claims *res judicata*.

On May 20, 1991, the Watson plaintiffs filed a three-count complaint against Kafka, individually, and defendant Kafka, Inc. They sued Kafka in his representative and individual capacities. The Watson plaintiffs' complaint alleged the following. Kafka was the owner, employee, and/or agent of Kafka, Inc. He falsely represented to them that Kafka, Inc., was a reputable and competent company which would provide suitable remodeling services. In reliance on these statements, they entered into a remodeling contract with Kafka, Inc., on September 13, 1990, paid a sum of money to Kafka, Inc., and made certain purchases in preparation for the remodeling. Kafka, Inc., failed to begin work on their property as promised.

Count I of the Watson plaintiffs' complaint alleged breach of contract. Count II alleged that defendants violated the Act. Count III alleged common-law fraud. The Watson plaintiffs sought $25,000 in compensatory damages and $250,000 in punitive damages.

On August 13, 1991, the trial court entered default judgments against both Kafka and Kafka, Inc., on the ground that they failed to appear or answer the Watson plaintiffs' complaint. On August 21, 1991, after a default prove-up hearing, the trial court awarded $7,700 in compensatory damages and $18,000 in punitive damages to the Watson plaintiffs. The trial court rescinded the contract between the Watson plaintiffs and Kafka, Inc. The trial court further awarded $446 in costs and $2,000 in attorney fees to the Watson plaintiffs.

On August 30, 1991, Kafka, Inc., moved to vacate the default judgment and dismiss the Watson plaintiffs' complaint. On October 7, 1991, the trial court vacated the default judgment as to Kafka, Inc., only; denied Kafka, Inc.'s motion to dismiss the Watson plaintiffs' complaint; and allowed Kafka, Inc., 21 days to answer counts II and III of the Watson plaintiffs' complaint. The trial court subsequently awarded the Watson plaintiffs $1,765.25 in attorney fees as a condition of its vacation of the default judgment. The Watson plaintiffs voluntarily withdrew count I of their complaint.

On November 4, 1991, Kafka moved to vacate the default judgment against him. The trial court denied this motion as untimely. On March 19, 1992, the trial court reinstated the default judgment against Kafka, Inc., because Kafka, Inc., failed to pay the $1,765.25 in attorney fees.

On July 15, 1992, Kafka petitioned under section 2—1401 for relief from the default judgment against him. Kafka asserted that he was not a proper party to the lawsuit. According to Kafka, he sold Kafka, Inc., on January 25, 1989, and was not the owner, employee, or agent of Kafka, Inc., when the Watson plaintiffs entered into the contract with Kafka, Inc. Therefore, according to Kafka, the Watson plaintiffs did not state in their complaint any facts which would impose liability on him. Kafka attached an affidavit to this petition in which he stated that he had never met, seen, or spoken to the Watson plaintiffs.

In an order of August 5, 1992, the trial court denied Kafka's section 2—1401 petition. The trial court specifically found that counts II and III of the Watson plaintiffs' complaint clearly stated causes of action against Kafka. The trial court found, therefore, that Kafka was not entitled to relief under section 2—1401 because he did not allege that he acted with due diligence and because the record demonstrated that he did not act with due diligence either in the underlying suit or in bringing the section 2—1401 petition.

Kafka appealed the denial of his section 2—1401 petition pursuant to Supreme Court Rule 304(b)(3) (134 Ill. 2d 304(b)(3)). Kafka, Inc., is

not a party to this appeal. Kafka argues once again that the Watson plaintiffs' complaint was void because it failed to state a claim against him for a violation of the Act or for common-law fraud. He also argues that the Watson plaintiffs' complaint was insufficient to support an award for punitive damages.

■ Section 2—1401 allows a party to obtain relief from a judgment that is more than 30 days old, provided that the party proves the following: (1) the existence of a meritorious defense or claim; (2) due diligence in pursuing that defense or claim; and (3) due diligence in filing the section 2—1401 petition. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221; *Genesis & Sons, Ltd. v. Theodosopoulos* (1991), 223 Ill. App. 3d 276, 279.) However, a void judgment may be attacked at any time. Therefore, a party need not show due diligence in order to obtain relief from a void judgment, even if more than 30 days have elapsed since the entry of that judgment. *In re Marriage of Parks* (1984), 122 Ill. App. 3d 905, 909; *In re Marriage of Panozzo* (1981), 93 Ill. App. 3d 1085, 1088.

■ If a complaint entirely fails to state a cause of action against a particular defendant, any judgment on the complaint is void as to that defendant. (*Hoopingarner v. Peric* (1975), 28 Ill. App. 3d 53, 57.) However, defects in a plaintiff's complaint do not render the judgment void unless the complaint completely fails to state a cause of action. Therefore, Kafka has waived all but the most substantial defects in plaintiffs' complaints by defaulting. (See *Stanard v. Stanard* (1969), 108 Ill. App. 2d 240, 243-44.) We will first determine, therefore, whether the Watson complaint and the Borcherding complaint were so defective as to render the judgments void.

■ In order to recover under the Act, a plaintiff must show that "defendant is engaged in trade or commerce and has committed acts or engaged in practices which are either unfair or deceptive." (*Roche v. Fireside Chrysler-Plymouth, Mazda, Inc.* (1992), 235 Ill. App. 3d 70, 83.) The elements of fraud under the Act are the following:

> "(1) a statement by the seller; (2) of an existing or future material fact; (3) that was untrue, without regard to defendant's knowledge or lack thereof of such untruth; (4) made for the purpose of inducing reliance; (5) on which the victim relies; and (6) which resulted in damages." *Roche*, 235 Ill. App. 3d at 84-85.

Accord *Duran v. Leslie Oldsmobile, Inc.* (1992), 229 Ill. App. 3d 1032, 1041.

Both the Watson and Borcherding plaintiffs specifically alleged that Kafka was engaged in trade or commerce and that Kafka was

the employee and/or agent of a company which was engaged in the business of offering services to the public. Thus, Kafka's argument that the Watson and Borcherding plaintiffs failed to allege that he was engaged in trade or commerce is unpersuasive.

The plaintiffs further alleged that Kafka made several false material statements which induced them to enter into a remodeling contract with Kafka, Inc. The Borcherding plaintiffs alleged that Kafka falsely represented that (1) Anderson would provide suitable remodeling services; (2) that Anderson was a competent and reputable company; and (3) that Anderson was not connected to Father and Sons. The Watson plaintiffs alleged that Kafka falsely represented (1) that Kafka, Inc., would provide suitable remodeling services; (2) that Kafka, Inc., was a reputable and competent company; and (3) that Kafka, Inc., would perform the work as promised.

■ Mere statements of opinion, or "puffing," are not actionable under the Act. (*Totz v. Continental Du Page Acura* (1992), 236 Ill. App. 3d 891, 904.) Whether a statement is one of fact or of opinion can depend on the circumstances of the case. (*Totz*, 236 Ill. App. 3d at 905.) A statement that would otherwise be an opinion can constitute a statement of fact if it is made in such a way that the consumer could reasonably treat it as a statement of fact. (*Totz*, 236 Ill. App. 3d at 905; *Duhl v. Nash Realty Inc.* (1982), 102 Ill. App. 3d 483, 489-90.) Both the Borcherding and Watson plaintiffs sufficiently alleged, therefore, that Kafka made false material statements of present or future fact in order to induce reliance, that they relied on those statements, and that they suffered damages as a result.

■ In order to state a claim for common-law fraud, a plaintiff must allege that "(1) the defendant made a statement; (2) of a material nature; (3) which was untrue; and (4) was known by the defendant to be untrue, or was made in culpable ignorance of its truth or falsity; (5) was made for the purpose of inducing reliance by the plaintiff; (6) was actually relied on by the plaintiff; and (7) resulted in plaintiff's injury." *Bank of Northern Illinois v. Nugent* (1991), 223 Ill. App. 3d 1, 9.

While an action for common-law fraud does not require that the seller be engaged in trade or commerce, it requires proof of elements that an action under section 2 of the Act does not. An action for common-law fraud cannot be based on a representation or promise of future conduct unless it is part of a scheme to defraud. (*Nugent*, 223 Ill. App. 3d at 10.) Furthermore, defendant must make a misrepresentation which he knows to be untrue. (*Nugent*, 223 Ill. App. 3d at 10-11.) Both the Watson and Borcherding complaints alleged that Kafka

made material misrepresentations of present fact and that he made those misrepresentations intentionally.

■■ It is clear that both the Watson and the Borcherding plaintiffs stated claims under section 2 of the Act and claims for common-law fraud sufficient to support valid judgments. If there were any minor deficiencies in either complaint, those deficiencies were waived. Furthermore, the damage awards in both cases were valid. We first point out that the trial court awarded compensatory and punitive damages to the Watson and Borcherding plaintiffs in amounts well within the amounts for which plaintiffs prayed in their complaints. (735 ILCS 5/ 2—604 (West 1992); *Kaput v. Hoey* (1988), 124 Ill. 2d 370, 381-82.) Whether to award punitive damages for fraudulent conduct rests with the sound discretion of the trial court. (*Ekl v. Knecht* (1991), 223 Ill. App. 3d 234, 243.) Kafka waived any objection to plaintiffs' failure to allege specifically that his fraudulent acts were so gross and malicious as to support a claim for punitive damages. See *Guess v. Brophy* (1987), 164 Ill. App. 3d 75, 81.

We next consider Kafka's argument that Anderson's arbitration award rendered the Borcherding judgment void because the Borcherding plaintiffs' claims against Kafka were *res judicata*. The doctrine of *res judicata* precludes the relitigation of issues that have already been decided in an earlier proceeding. (*Powers v. Arachnid, Inc.* (1993), 248 Ill. App. 3d 134, 138.) The doctrine bars a subsequent action between the same parties involving the same cause of action. (*Benton v. Smith* (1987), 157 Ill. App. 3d 847, 853.) It also precludes a party from relitigating an issue that was decided in a prior proceeding involving a different cause of action. *Cirro Wrecking Co. v. Roppolo* (1992), 153 Ill. 2d 6, 20; *Powers*, 248 Ill. App. 3d at 141.

Kafka asserts that the arbitrator's decision in Anderson's favor precludes the Borcherding plaintiffs' claim against Kafka because the arbitrator in the earlier proceeding "must have determined there existed a valid contract between the Plaintiffs and [Anderson] which was not voidable because of any fraud or consumer fraud."

■■ We need not determine whether Kafka could properly invoke the doctrine of *res judicata* based on the arbitration award, however, because we conclude that he has waived that defense by his default in the present action. We find no support for Kafka's assertion that the prior adjudication of an issue stands as a *jurisdictional bar* to the relitigation of that issue. In fact, principles of equity and fairness guide our application of the doctrine of *res judicata*. (*Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, 650.) Furthermore, a defendant can waive the defense of *res judicata* by failing to

raise it in a timely fashion. *Thornton v. Williams* (1980), 89 Ill. App. 3d 544, 547-48.

In this case, Kafka stood idly by and refused to defend the Borcherding action. He did not move to set aside the default judgment within 30 days of that judgment pursuant to section 2—1301(e) of the Code of Civil Procedure (735 ILCS 5/2—1301(e) (West 1992)). Instead, he waited almost a year from the entry of the default judgment before petitioning under section 2—1401 for relief. In his section 2—1401 petition, he did not even allege that he acted with due diligence. He then raised the issue of *res judicata* for the first time on appeal from the trial court's denial of his section 2—1401 petition. We cannot imagine a clearer case for the application of the waiver rule.

We conclude, therefore, that the trial court correctly refused to grant Kafka's section 2—1401 petitions in either the Watson cause or the Borcherding cause.

The judgments of the circuit court in cause numbers 2—92—1041 and 2—92—1084 are affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.