THE VILLAGE OF MAYWOOD BOARD OF FIRE AND POLICE COMMISSIONERS, Plaintiff-Appellant, v. THE DEPARTMENT OF HUMAN RIGHTS *et al.*, Defendants-Appellees.

First District (5th Division) No. 1—96—3175

Opinion filed May 8, 1998, *nunc pro tunc* March 31, 1998.

Cowan & Minetz, Chartered, of Chicago (Robert S. Minetz and John C. Broihier, of counsel), for appellant.

Sklodowski, Franklin, Puchalski & Reimer, of Chicago (Richard J. Reimer, of counsel), for appellees Timothy Kingsmill and Michael Casanave.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and A. Benjamin Goldgar, Assistant Attorney General, of counsel), for appellees Department of Human Rights and Human Rights Commission.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, the Village of Maywood Board of Fire and Police Commissioners (Board), appeals the circuit court's order granting summary judgment in favor of defendants, contesting the court's finding that defendant Department of Human Rights (Department) possessed the authority to investigate discrimination charges brought by two

white males who applied, but were not hired, for firefighter positions with the Maywood fire department. On appeal, the Board contends that the charges are barred by the doctrine of *res judicata* because of a previous action filed against the Board by defendants Timothy Kingsmill and Michael Casanave, which subsequently was dismissed with prejudice. The Board also argues that a writ of prohibition should be issued against the Department and the Human Rights Commission (Commission) because neither agency has the authority to review employment decisions made by municipal boards.

In the earlier suit against the Board, Kingsmill and Casanave claimed the procedures used by the Board in hiring firefighters violated several provisions of the Illinois Municipal Code (65 ILCS 5/10—2.1—6 (West 1994)), as well as the Board's own rules and regulations. In their two-count complaint, Kingsmill and Casanave alleged that they were white males with previous experience and training as firefighters, who responded to an October 1994 advertisement placed by the Board, soliciting applications for firefighter positions. They paid a $390 application fee and took a written examination and physical aptitude test and, although they met the minimum qualifications for the position, they were not placed on the "Initial Eligibility List," released on February 1, 1995, or permitted to complete the remaining portions of the application process.

Kingsmill and Casanave asserted that two out of the four candidates whose names were on the Initial Eligibility List, Stephen Thomas and Fred Saffold, were black males who were appointed to the fire department before completing the application process, nor did they have previous experience or training as firefighters. Kingsmill and Casanave alleged the Board improperly charged an application fee, hired Thomas and Saffold before they completed their applications, and prevented Kingsmill and Casanave from applying for the firefighter openings. They requested a court order nullifying the Initial Eligibility List and allowing them to finish the application process.

The Board moved to dismiss this complaint, arguing that the claims were time-barred because Kingsmill and Casanave failed to name and serve all necessary parties as defendants within the required limitations period. On June 12, 1995, the court entered an agreed order submitted by the parties, dismissing the complaint with prejudice.

Kingsmill and Casanave next filed charges with the Department, alleging that the Board discriminated against them on the basis of their race. Attorneys for the Board informed the Commission by letter of their belief that the Department lacked jurisdiction to consider

the charges, and the issues involved were *res judicata* because they already had been litigated in the circuit court.

When the Department refused to dismiss the charges, the Board filed the present claim in the circuit court against Kingsmill, Casanave, the Department, and the Commission. Count I of the Board's two-count complaint sought a declaration that the Department and Commission lacked jurisdiction over the charges and that the charges were barred by the doctrine of *res judicata*. In count II, the Board requested a writ of prohibition barring further proceedings against the Board by the Department or Commission.

The Board moved for summary judgment. Kingsmill and Casanave filed a cross-motion for summary judgment. Counsel for the Department and the Commission submitted oral motions for summary judgment. After a hearing, the circuit court denied the Board's motion and granted summary judgment for defendants. The court found that *res judicata* did not bar the administrative claims, as they involved different causes of action and different facts from the previous claim. The Board appeals.

I

As a preliminary matter, this court must address the contention of two of the defendants, the Commission and the Department, that the circuit court should have dismissed the Board's complaint for lack of subject matter jurisdiction, because: (1) the action was not yet ripe for adjudication; (2) the Board failed to exhaust its administrative remedies; and (3) the Commission and the Department are state agencies, which cannot be sued in the circuit court pursuant to the doctrine of sovereign immunity. Although defendants did not raise all these arguments before the circuit court, the issue of subject matter jurisdiction is never waived and may be raised for the first time on appeal. *Currie v. Lao*, 148 Ill. 2d 151, 157, 592 N.E.2d 977 (1992).

A

■ The Department and Commission first argue that the present action did not present a justiciable controversy ripe for decision. The ripeness doctrine precludes courts from entering a declaratory judgment unless an actual controversy is presented. 735 ILCS 5/2—701(a) (West 1994); *Big River Zinc Corp. v. Illinois Commerce Comm'n*, 232 Ill. App. 3d 34, 38, 597 N.E.2d 256 (1992). An actual controversy exists if there is a legitimate dispute requiring an immediate and definite determination of the parties' rights, the resolution of which would help terminate all or part of the dispute. *First of America Bank, N.A. v. Netsch*, 166 Ill. 2d 165, 173, 651 N.E.2d 1105 (1995). In other words, a plaintiff must have a personal claim or right which is capable of being affected. *Netsch*, 166 Ill. 2d at 174.

In cases involving challenges to administrative actions, application of the ripeness doctrine prevents courts "from entangling themselves in abstract disagreements over administrative policies" and "protect[s] the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *National Marine, Inc. v. Illinois Environmental Protection Agency*, 159 Ill. 2d 381, 388, 639 N.E.2d 571 (1994); see also *Big River Zinc*, 232 Ill. App. 3d at 39. In determining whether an issue is ripe for review, courts must evaluate the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *National Marine*, 159 Ill. 2d at 389.

■ The Department and Commission contend that the counts directed against them are not yet ripe for review because the Department has not begun investigating the claims against the Board, and no complaint has been filed with the Commission. The Human Rights Act provides an administrative procedure by which parties alleging employment discrimination may pursue a claim against the employer. 775 ILCS 5/1—103(Q) (West 1994); *Jabbari v. Human Rights Comm'n*, 173 Ill. App. 3d 227, 231, 527 N.E.2d 480 (1988). First, the complaining party must file a charge of discrimination with the Department within 180 days after the employer allegedly committed the discriminatory act. 775 ILCS 5/7A—102(A) (West 1994). The Department will send notice of the charge to the employer, who must file a response, or the Department shall enter a default order. 775 ILCS 5/7A—102(B) (West 1994). After notifying the employer of the charge, the Department begins its investigation, for which it may subpoena witnesses and documents. 775 ILCS 5/7A—102(C)(1), (C)(2) (West 1994). The Department then conducts a fact-finding conference; failure to attend by either party could result in dismissal or default. 775 ILCS 5/7A—102(C)(4) (West 1994). Once the Department completes its investigation, it may file a written complaint with the Commission, which has jurisdiction to hear the complaints, as well as requests for review of the Department's decision to dismiss the charge or enter a default order. 775 ILCS 5/7A—102(F), 8—103 (West 1994).

Notifying a party that it is subject to an investigation, which might lead to the institution of an action against the party, does not create a claim capable of judicial resolution. *National Marine*, 159 Ill. 2d at 389. Unlike plaintiff in *National Marine*, however, who was seeking "an advisory opinion concerning future events," the Board here is not requesting judicial review of a decision made by the Department relating to the merits of Kingsmill's and Casanave's discrimination charges. In contrast, the Board argues that the

Department lacks the authority to render such a decision or to investigate the charges.

■ Assuming the Department has not yet begun its investigation, an actual controversy has been presented. After receiving notice of the charges, the Board is required by statute to file a response within a specific period of time or risk the entry against it of a default order. There exists more than "an abstract disagreement"; the Department's refusal to dismiss the charge presents a justiciable controversy that is ripe for review.

The Commission correctly asserts, however, that the Board has failed to present an actual controversy at this time. The charges at issue are presently pending before the Department; they may not be brought before the Commission unless, after the Department completes its investigation, the Department decides to file a complaint with the Commission or one of the parties seeks review of the Department's decision. 775 ILCS 5/8—103 (West 1994).

The Commission, not yet having been presented with the charges, should have been dismissed from the suit.

## B

■ The Department and Commission also argue that the Board's action is barred by the doctrine of exhaustion of remedies because the Board failed to raise its *res judicata* argument before the Commission prior to filing its complaint in the circuit court. Generally, parties may not seek judicial review of the actions of an administrative agency, such as the Department or the Commission, without first pursuing all administrative remedies available to them. *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 308, 547 N.E.2d 437 (1989); *Midland Hotel Corp. v. Director of Employment Security*, 282 Ill. App. 3d 312, 319, 668 N.E.2d 82 (1996). Requiring a party to exhaust available administrative remedies allows the agency to utilize its expertise and develop and consider the facts of the matter before it, and provides an opportunity for the aggrieved party ultimately to succeed before the agency, thereby avoiding unnecessary judicial action. *Castaneda*, 132 Ill. 2d at 308; *Midland Hotel*, 282 Ill. App. 3d at 319.

Where strict adherence to this rule would produce harsh and inequitable results, however, the aggrieved party is not required to comply with the exhaustion of remedies doctrine, such as when no issues of fact are presented or agency expertise is not involved, or irreparable harm will result from further pursuit of administrative remedies. *Castaneda*, 132 Ill. 2d at 309; *Midland Hotel*, 282 Ill. App. 3d at 319. The Board contends that the exceptions listed above apply

to the present case because the Board did not raise any factual issues for the administrative agencies to decide and pursuing its administrative remedies through the Department and the Commission would cause onerous delays.

■ With regard to the first exception, if questions of fact are not involved and agency expertise would not aid the resolution of the issue before the court, the exhaustion of remedies doctrine does not bar judicial review of that issue. *Office of the Cook County State's Attorney v. Illinois Local Labor Relations Board*, 166 Ill. 2d 296, 306, 652 N.E.2d 301 (1995). Where, as here, the issue involves the agency's own assertion of authority, a party should not be required to exhaust administrative remedies because there is virtually no chance the aggrieved party will succeed. *Landfill, Inc. v. Pollution Control Board*, 74 Ill. 2d 541, 550-51, 387 N.E.2d 258 (1978). Further, if the issue involves interpretation of statutory or case law, it falls within the scope of the court's expertise, rather than the agency's. *Cook County*, 166 Ill. 2d at 306.

■ ■ In the present case, the Board's assertion of the *res judicata* doctrine involves legal issues rather than factual questions, which are within the scope of the court's expertise, rather than the Department's or Commission's. The doctrine of *res judicata* provides that a final judgment, rendered on the merits by a court of competent jurisdiction, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. *Airtite v. DPR Ltd. Partnership*, 265 Ill. App. 3d 214, 217, 638 N.E.2d 241 (1994). The prior adjudication of an issue, however, does not establish a *jurisdictional* bar to relitigation of that question. *Borcherding v. Anderson Remodeling Co.*, 253 Ill. App. 3d 655, 662, 624 N.E.2d 887 (1993). *Res judicata* is an affirmative defense and, unlike subject matter jurisdiction, it can be waived. *American National Bank & Trust Co. v. Village of Libertyville*, 269 Ill. App. 3d 400, 404, 645 N.E.2d 1013 (1995); *Borcherding*, 253 Ill. App. 3d at 662. The issue of whether a subsequent claim is barred by *res judicata* is a question of law. See 735 ILCS 5/2—619(a)(4) (West 1994); *American National Bank*, 269 Ill. App. 3d at 403.

Here, the issue raised by the Board does not involve questions of fact within the expertise of the Department or the Commission. The Board is not questioning the merits of the charges brought against it and does not raise any factual dispute regarding whether it discriminated against white male job applicants. In fact, when the Department moved to dismiss this action before the circuit court, it asked the court to decide the *res judicata* issue as a matter of law.

Under the foregoing circumstances, the Board was not required

to exhaust its administrative remedies before filing this action in the circuit court.

## C

■ The Department and Commission also argue that the Board's action is barred by the doctrine of sovereign immunity. The Department previously raised, and lost, this issue in *Rockford Memorial Hospital v. Department of Human Rights*, 272 Ill. App. 3d 751, 651 N.E.2d 649 (1995). In ruling that sovereign immunity did not bar a claim against the Department, the *Rockford* court noted the well-established rule that where a plaintiff is not seeking to enforce a present claim against the state, but wishes only to obtain prospective injunctive relief, the complaint will not be considered a claim against the state for sovereign immunity purposes. *Rockford*, 272 Ill. App. 3d at 755. The "prospective injunction relief exception" is often invoked where a party wishes to enjoin a state agency or official from taking actions in excess of statutory or constitutional authority. *Bio-Medical Laboratories, Inc. v. Trainor*, 68 Ill. 2d 540, 548, 370 N.E.2d 223 (1977); *Rockford*, 272 Ill. App. 3d at 755, citing *Landfill*, 74 Ill. 2d at 552; *Magna Trust Co. v. Department of Transportation*, 234 Ill. App. 3d 1068, 1070, 600 N.E.2d 1317 (1992).

The Department and Commission argue that the *Rockford* case was erroneously decided in light of the supreme court's decision in *Smith v. Jones*, 113 Ill. 2d 126, 132, 497 N.E.2d 738 (1986). In *Smith*, the court stated that "because of sovereign immunity the State or a department of the State can never be a proper party defendant in an action brought directly in the circuit court." *Smith*, 113 Ill. 2d at 132. The supreme court has also held, however, that the state's immunity is determined by the issues involved and the relief sought, not the formal designation of the parties. *In re Lawrence M.*, 172 Ill. 2d 523, 527, 670 N.E.2d 710 (1996); *Smith*, 113 Ill. 2d at 131. In addition, supreme court cases decided both before and after *Smith* have upheld complaints filed against state agencies. For instance, in *Landfill*, the court upheld plaintiff's claim against the Pollution Control Board. *Landfill*, 74 Ill. 2d at 552. More recently, in *Lawrence M.*, the court held that the sovereign immunity doctrine did not bar the entry of an order against the Department of Children and Family Services. *Lawrence M.*, 172 Ill. 2d at 527.

In this case, the Department also was named as a party in the complaint filed by the Board. The Board is not, however, attempting to enforce a present claim against the Department, but is seeking only prospective injunctive relief. Additionally, although the Department nominally was named as a party to the suit, the Board's com-

plaint represents an attempt to prevent state officials representing the Department from taking action that the Board believes exceeds the officials' authority. The Board's complaint therefore does not contravene principles of sovereign immunity and is not barred by that doctrine.

The circuit court possessed subject matter jurisdiction over the Board's complaint against the Department, Kingsmill, and Casanave.

## II

■ The Board argues that the circuit court improperly granted summary judgment in favor of defendants, because the charges filed by Kingsmill and Casanave were barred by the doctrine of *res judicata*. A motion for summary judgment should be granted when the pleadings, depositions, exhibits, and affidavits on file reveal no genuine issue of material fact and establish that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 1994); *Mobil Oil Co. v. Maryland Casualty Co.*, 288 Ill. App. 3d 743, 751, 681 N.E.2d 552 (1997); *Young v. Lemons*, 266 Ill. App. 3d 49, 51, 639 N.E.2d 610 (1994). The court must construe all evidence in the light most favorable to the nonmoving party and strictly against the moving party. *Gatlin v. Ruder*, 137 Ill. 2d 284, 293, 560 N.E.2d 586 (1990); *Soderlund Brothers, Inc., v. Carrier Corp.*, 278 Ill. App. 3d 606, 614, 663 N.E.2d 1 (1995). Summary judgment is a drastic remedy and should be granted only if the right of the moving party is clear and free from doubt. *McCullough v. Gallaher & Speck*, 254 Ill. App. 3d 941, 948, 627 N.E.2d 202 (1993). Appellate review of orders granting summary judgment motions is *de novo*, and the order may be affirmed upon any ground warranted, regardless of whether it was relied upon by the circuit court or whether the reason given by the circuit court was correct. *Zoeller v. Augustine*, 271 Ill. App. 3d 370, 374, 648 N.E. 2d 939 (1995); *Rognant v. Palacios*, 224 Ill. App. 3d 418, 420, 586 N.E.2d 686 (1991).

■ The doctrine of *res judicata* applies to issues actually decided in the original action, as well as matters that could have been decided. *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 294, 602 N.E.2d 820 (1992). A judgment entered by consent of the parties operates in the same manner as any other judgment for *res judicata* purposes and is conclusive with respect to matters settled by the judgment. *Barth v. Reagan*, 146 Ill. App. 3d 1058, 1064, 497 N.E.2d 519 (1986). On the other hand, *res judicata* does not apply to bar an independent claim that is part of the same cause of action if the court in the first action lacked subject matter jurisdiction over that claim. *Airtite*, 265 Ill. App. 3d at 219.

 The legislature established the Human Rights Act as the exclusive source for redress of civil rights violations. *Castaneda*, 132 Ill. 2d at 322; *Village of Bellwood Board of Fire & Police Commissioners v. Human Rights Comm'n*, 184 Ill. App. 3d 339, 346, 541 N.E.2d 1248 (1989). The Act provides that, unless otherwise provided by law, "no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8—111(C) (West 1994). The limited exceptions to this general rule of exclusive jurisdiction have been construed narrowly by the courts; the legislature intended for the Commission to be the exclusive vehicle for deciding and settling civil rights matters, including employment discrimination claims. *Castaneda*, 132 Ill. 2d at 322.

In the present case, Kingsmill and Casanave are not barred by the doctrine of *res judicata* from bringing their discrimination charges before the Department. Regardless of whether Kingsmill and Casanave attempted to allege employment discrimination in their previous complaint against the Board, in light of the Commission's exclusive jurisdiction over employment discrimination charges under the Human Rights Act, the circuit court lacked jurisdiction over such issues. Kingsmill and Casanave therefore could not have brought their discrimination claims before the circuit court. *Progressive*, 151 Ill. 2d at 294.

The Board cites several cases in support of its argument that the circuit court possesses jurisdiction over employment discrimination actions, all of which are distinguishable. In *Coler v. Redd*, 100 Ill. App. 3d 992, 427 N.E.2d 622 (1981), and *Fox v. Illinois Civil Service Comm'n*, 66 Ill. App. 3d 381, 383 N.E.2d 1201 (1978), the parties did not allege unlawful discrimination. Similarly, plaintiff in *Basketfield v. Daniel*, 71 Ill. App. 3d 877, 390 N.E.2d 492 (1979), appealed the police board's decision to discharge him, but did not assert that he was discriminated against for an unlawful purpose. The decision in *Strobeck v. Illinois Civil Service Comm'n*, 70 Ill. App. 3d 772, 388 N.E.2d 912 (1979), involved an equal protection claim, but the plaintiff did not assert that his employer used a suspect classification. The case of *People ex rel. Smith v. Board of Fire & Police Commissioners*, 51 Ill. App. 3d 221, 366 N.E.2d 554 (1977), was decided before the Human Rights Act became effective (775 ILCS 5/1—101 (West 1994)), and it is unclear from the facts whether the plaintiffs even made any allegations of unlawful discrimination.

## III

The Board argues that a writ of prohibition should be entered because the Commission has no legal authority to review the deci-

sions of a municipal agency. Alternatively, the Board argues that the board of fire and police commissioners act and Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1994)) should have priority over the Human Rights Act.

The purpose of a writ of prohibition is to prevent judicial or quasi-judicial action that would be taken without jurisdiction or would be beyond the scope of legitimate jurisdictional authority. *Office of the Lake County State's Attorney v. Illinois Human Rights Comm'n,* 200 Ill. App. 3d 151, 155, 558 N.E.2d 668 (1990) (*Lake County*). A writ of prohibition may be issued under the following circumstances: the disputed action must be judicial or quasi-judicial in nature; the jurisdiction of the tribunal against which the writ is sought must be inferior to that of the issuing court; the action must be outside the tribunal's jurisdiction or beyond its legitimate authority; and the petitioner must be without any other adequate remedy. *Lake County,* 200 Ill. App. 3d at 155, quoting *Orenic v. Illinois State Labor Relations Board,* 127 Ill. 2d 453, 468, 537 N.E.2d 784 (1989).

The cases cited by the Board addressed narrow exceptions to the Commission's retention of exclusive jurisdiction in employment discrimination claims, where the courts found that public employers properly challenged the Commission's jurisdiction over employment discrimination claims by filing a writ of prohibition. *Lake County,* 200 Ill. App. 3d at 157-58; *Board of Trustees of the Police Pension Fund v. Illinois Human Rights Comm'n,* 141 Ill. App. 3d 447, 490 N.E.2d 232 (1986) (*Urbana*). Accord *Board of Trustees of Southern Illinois University v. Department of Human Rights,* 159 Ill. 2d 206, 213, 636 N.E.2d 528 (1994) (holding that the Department had no jurisdiction over institutions of higher education); *City of Benton Police Department v. Human Rights Comm'n,* 160 Ill. App. 3d 55, 58, 513 N.E.2d 29 (1987) (applying *Urbana*). Neither of the two exceptions discussed in *Urbana* and *Lake County,* however, is applicable to the present case. Unlike the municipal board in *Urbana,* the Board cannot point to a state law granting it the exclusive authority over its hiring decisions, to the effect that the Commission would not retain exclusive jurisdiction over employment discrimination claims filed against it. In contrast to the municipal defendant in *Lake County,* the Board does not argue that it does not fit within the Human Rights Act's definition of an employer.

The issues raised in the present case are identical to those discussed in *Bellwood,* where a police board argued that the Commission had no authority to review its discharge of a police officer. *Bellwood,* 184 Ill. App. 3d at 345. The *Bellwood* court disagreed, distinguishing *Urbana,* and noting that the portion of the Municipal

Code pertaining to the police board (see 65 ILCS 5/10—2.1—1 et seq. (West 1994)) did not give it the *"exclusive* power and duty to manage the policy [*sic*] department." (Emphasis in original.) The court concluded that nothing in the Municipal Code conflicted with the Commission's exclusive authority to hear matters involving civil rights violations. *Bellwood,* 184 Ill. App. 3d at 347. In addition, the court expressed the opinion that the legislature could not have intended to bar access to the Commission "when a governmental administrative body has committed an unfair employment practice." 184 Ill. App. 3d at 348.

The Board also argues that the Administrative Review Law should be given priority over the Human Rights Act. The cases cited by the Board in support of this proposition consistently hold that decisions of boards of police officers and firefighters are reviewable under the Administrative Review Law. For instance, in *Mueller v. Board of Fire & Police Commissioners,* 267 Ill. App. 3d 726, 642 N.E.2d 255 (1994), the court held that "the Review Law provides the exclusive method of review of all final decisions of boards under [division 2.1]—unless some limited exception applies or the Review Law is deemed otherwise inapplicable." *Mueller,* 267 Ill. App. 3d at 731. In this case, the Administrative Review Law is inapplicable to employment discrimination charges filed with the Department. In contrast to other Board decisions, which involve whether they properly interpreted their own rules and regulations, Kingsmill and Casanave are alleging civil rights violations. The Department and the Commission have the exclusive authority to investigate and adjudicate such claims. In *Urbana,* the court found an apparent conflict between the Human Rights Act and another statute; in the present case, no such conflict was presented.

The Department is not precluded from exercising jurisdiction over the employment discrimination charges filed by Kingsmill and Casanave.

For the foregoing reasons, the circuit court's order granting summary judgment in favor of defendants is affirmed.

Affirmed.

HOFFMAN, P.J., and SOUTH, J., concur.