JUDITH WRIGHT and ROBERT WRIGHT, ) Appeal for the

) Circuit Court of

Plaintiffs-Appellants, ) Cook County.

)

v. )

)

AURELIA PUCINSKI, as Director of the )

Department of Professional ) No. 02 CH 17327

Regulation; BRIAN FARLEY, as Chief of ) 

Health-Related Prosecutions for )

Illinois Department of Professional )

Regulation; BRETTE ANDERSON, as Staff )

Attorney for Illinois Department of )

Professional Regulation; and SHARI DAM, )

as Administrative Law Judge for )

Illinois Department of Professional )

Regulation, )

) Honorable

) Bernetta D. Bush,

Defendants-Appellees. ) Judge Presiding.

PRESIDING JUSTICE REID delivered the opinion of the court:

The plaintiffs, Judith and Robert Wright, appeal from the judgment of the circuit court that dismissed with prejudice their verified complaint for a declaratory judgment and injunctive relief.  The Wrights argue that the trial court erred when it determined that they were precluded, by their own actions, from  access to the circuit court by filing motions to dismiss before the administrative agency.  For the reasons that follow, we reverse the decision of the trial court and remand this cause for further proceedings.

BACKGROUND

On December 20, 2000, the Illinois Department of Professional Regulation (IDPR) filed separate complaints alleging various disciplinary charges against Judith and Robert.  At the time that the IDPR filed the complaints, Judith was a licensed clinical professional counselor and Robert was a licensed clinical social worker.  The IDPR regulates both professions.  See 225 ILCS 20/1 
et
 
seq
. (West 2000); 225 ILCS 107/1 
et
 
seq
. (West 2000).

The complaints alleged that the Wrights exploited their therapeutic relationships with patients whom they were treating to promote business ventures they jointly owned and that this constituted unethical and unprofessional behavior.  These business ventures were: (1) an entity called the School of Exceptional Learning, Inc., in Chicago, Illinois, and (2) a retreat center in Elkhorn, Wisconsin.  The complaints also alleged that the Wrights: (1) breached patient confidentiality, (2) failed to complete continuing education requirements, and (3) falsely reported on license renewal applications that they had completed the requisite continuing education hours.

After the complaints were filed against them, the Wrights both allowed their licenses to lapse rather than renew them.  Judith’s license as a clinical professional counselor expired on March 31, 2001, and Robert’s license as a clinical social worker expired on November 30, 2001.  After their licenses lapsed, the Wrights both moved to dismiss the disciplinary complaints on the basis that the IDPR lacked statutory authority to continue the disciplinary proceedings against them since they were no longer licensed.  The administrative law judge assigned to the cases denied the motions to dismiss.

On September 23, 2002, the Wrights filed a verified complaint for a declaratory judgment and injunctive relief.  The Wrights requested entry of a judgment declaring that the IDPR lacked the authority to continue prosecuting them because they were no longer licensed in their respective professions.

On December 27, 2002, the defendants filed a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-615 (West 2002).  In the motion, the defendants argued that the IDPR had the authority to continue the disciplinary proceedings against the Wrights although they had allowed their licenses to lapse.  The defendants claimed that the Wrights were required to exhaust their administrative remedies and wait until the disciplinary proceedings before the IDPR had concluded before seeking relief in the trial court.  The Wrights filed a response in which they argued that their complaint stated a cause of action and that they were not required to exhaust administrative remedies because they were challenging the jurisdiction of the IDPR. 

Although the defendants filed a section 2-615 motion to dismiss, the trial judge treated it as a section 2-619(a)(3) motion to dismiss.  735 ILCS 5/2-619(a)(3)(West 2002).  On March 17, 2003, the trial court entered an order wherein it granted the defendants’ motion to dismiss with prejudice “for the reasons set forth on the record.”  The trial judge stated that she was dismissing the complaint because the Wrights had availed themselves of the relief of the administrative agency before they had filed their motions to dismiss in the administrative proceedings.  Consequently, the trial court determined that the Wrights had therefore waived any right to challenge the IDPR’s jurisdiction in the circuit court until the administrative proceedings were complete.  Specifically, the trial court made the following holding:

“Administrative agencies are not different than any other plaintiff that presents itself to the court.  If you want to attack the jurisdiction of something, you must do it prior to acting on the case.  That has to be your motion.  Whether it’s a motion to quash service or proper jurisdiction.  Whatever it is.  You can’t come to the court, appear before the agency and say give me some relief, and then say I am not going to proceed because you don’t have proper jurisdiction.  Jurisdictional arguments must be raised before you avail yourself of the body.

I believe that since you availed yourself with the relief of the administrative agency, you are stuck with that relief until you exhaust your administrative remedies.  And then you may raise that point during the administrative agency so it can be a question for review if you choose to do that.  And the court can look at it on administrative review if that particular issue deserves some additional weight.  I don’t know what the basis of your administrative review will be.

But clearly, in looking at the case law that addressed the issues that you talked about, it appears that the administrative agency does have a right to continue to proceed in a proceeding once it has started even though the license expired during the course of the proceedings.  That appears to be consistent with the case law.  But that’s not what I am ruling on.  I am ruling it based upon the jurisdictional question, which I think it is appropriate to bring a jurisdictional argument before the court.

But I believe once you avail yourself of the services of the administrative agency that by filing the Motion to Dismiss, and then attacking jurisdiction here that that’s an inappropriate process.  So, I am denying your motion for that reason pursuant to [section 2-619(a)(3)].”

Thereafter, the Wrights timely filed a notice of appeal.  Subsequently, the IDPR dismissed the charges against Robert without prejudice.  Consequently, there are no disciplinary charges currently pending against Robert.  However, disciplinary charges are still currently pending against Judith.

ANALYSIS

Section 2-619 allows for the dismissal of a complaint on the basis of issues of law or easily proven issues of fact
, while disputed questions of fact are reserved for trial proceedings, if necessary.  
McCoy v. Illinois International Port District
, 334 Ill. App. 3d 462, 466 (2002). 
 In a section 2-619 proceeding, the defendant bears the burden of proving any affirmative defense it relies upon. 
 
Streams Condominium No. 3 Ass'n v. Bosgraf
,
 219 Ill. App. 3d 1010, 1013 (1991).  Under section 2-619, the defendant admits to all well-pled facts in the complaint, as well as any reasonable inferences that may be drawn from those facts (
Streams Condominium
,
 219 Ill. App. 3d at 1013), but asks the court to conclude that there is no set of facts which would entitle the plaintiff to recover (
Wolf v. Bueser
,
 279 Ill. App. 3d 217, 222 (1996)).  As long as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law, the complaint properly may be dismissed.  
Wolf
,
 279 Ill. App. 3d at 222.  The parties may ask the court to consider the pleadings, as well as any affidavits and deposition evidence (
Streams Condominium
,
 219 Ill. App. 3d at 1014), and to take judicial notice of facts contained in public records where such notice will aid in the efficient disposition of the case (
Village of Riverwoods v. BG Ltd. Partnership
,
 276 Ill. App. 3d 720, 724 (1995)).  However, the court must construe all the pleadings and supporting matter in the light most favorable to the party opposing the motion for involuntary dismissal.  
Wolf
,
 279 Ill. App. 3d at 222.  On appeal, a dismissal pursuant to section 2-619 is addressed 
de
 
novo
.  
Wolf
,
 279 Ill. App. 3d at 222.

A party aggrieved by an administrative decision ordinarily cannot seek judicial review without first pursuing all available administrative remedies.  
Castaneda v. Illinois Human Rights Comm’n
, 132 Ill. 2d 304, 308 (1989).  Requiring the exhaustion of remedies allows the administrative agency to fully develop and consider the facts of the cause before it; it allows the agency  to utilize its expertise; and it allows the aggrieved party to ultimately succeed before the agency, making judicial review unnecessary.  
Castaneda
, 132 Ill. 2d at 308.  The doctrine also helps protect agency processes from impairment by avoidable interruptions, allows the agency to correct its own errors, and conserves valuable judicial time by avoiding piecemeal appeals.  
Castaneda
, 132 Ill. 2d at 308.

“The exhaustion doctrine includes administrative review in the circuit court.  Where the Administrative Review Law [(735 ILCS 5/3-101 
et
 
seq.
 (West 2002))] is applicable and provides a remedy, a circuit court may not redress a party's grievance through any other type of action.  The court's power to resolve factual and legal issues arising from an agency's decision must be exercised within its review of the agency's decision and not in a separate proceeding.  
Dubin v. Personnel Board
,
 128 Ill. 2d 490, 498-99 (1989); see 
Midland Hotel Corp. v. Director of Employment Security
,
 282 Ill. App. 3d 312, 316-17 (1996).
 This aspect of the exhaustion doctrine is well established. However, it has several exceptions that are equally well established. Two such exceptions are ‘where no issues of fact are presented or agency experience is not involved *** or where the agency's jurisdiction is attacked because it is not authorized by statute.’  
Castaneda
,
 132 Ill. 2d at 309.  This court has held that where an administrative assertion of authority to hear or determine certain matters is challenged on its face as not authorized by the enabling legislation, such a facial attack does not implicate the exhaustion doctrine and exhaustion is not required.  This court has explained that where an agency's statutory authority to exercise jurisdiction is at issue, no questions of fact are involved.  The agency's particular expertise is not implicated in the necessary statutory interpretation. 
 
Board of Governors of State Colleges & Universities for Chicago State University v. Illinois Fair Employment Practices Comm'n
,
 78 Ill. 2d 143, 147-48 (1979), quoting 
Landfill, Inc. v. Pollution Control Board
,
 74 Ill. 2d 541, 550-51 (1978); accord 
Reiter v. Neilis
,
 125 Ill. App. 3d 774, 777-78 (1984)(‘plaintiffs did not have to comply with the Administrative Review Act in order to challenge the subject matter jurisdiction of the zoning board of appeals’).”  
County of Knox ex rel. Masterson v. Highlands, L.L.C.
, 188 Ill. 2d 546, 551-52 (1999).

The Wrights argue that the trial court erred when it granted the defendants’ motion to dismiss.  The Wrights complain the trial court improperly held that because they previously had filed motions to dismiss before the administrative tribunal, they must now exhaust their administrative remedies.  The Wrights contend that this is an instance in which the exhaustion of remedies doctrine does not apply. 

The Wrights are correct.  In their motions to dismiss before the IDPR and in their complaint for injunctive relief before the trial court, the Wrights challenged the jurisdiction of the administrative agency.  Specifically, the Wrights requested that the trial court enter a judgment which declared that the defendants lacked the statutory authority to continue prosecuting them because they were no longer licensed in their respective professions. 

The exhaustion of remedies doctrine does not apply in this situation because the Wrights attacked the agency’s jurisdiction on the basis that it was not authorized by statute to proceed against them.  Consequently, the trial court must be reversed.  See 
Office of the Lake County State’s Attorney v. Illinois Human Rights Comm’n
, 200 Ill. App. 3d 151, 156 (1990)(“The exhaustion of remedies doctrine does not preclude a challenge to the jurisdiction of the administrative agency, however.
 
[Citation.] 
This is because such a determination involves no questions of fact which would implicate the agency's particular expertise
. [Citation.]  
The exhaustion of administrative remedies is not required where a party attacks an agency's assertion of jurisdiction ‘on its face and in its entirety on the ground that it is not authorized by statute
.’ [Citation.]”
 (Emphasis added)).

At oral argument and in their briefs, the defendants agreed with the Wrights and conceded that the trial court erred when it determined that the Wrights had to exhaust their administrative remedies.  Furthermore, the defendants argue that as to Robert, this appeal is moot because the disciplinary charges against him before the IDPR have been dismissed.  The defendants maintain that because there are no disciplinary charges pending against Robert, this court cannot grant him any relief that would affect him. 

However, as to Judith, the defendants acknowledge that the trial court determined that their motion to dismiss should be granted on the grounds that the Wrights had waived any right to challenge the IDPR’s jurisdiction in the circuit court until the administrative proceedings were complete.  The defendants contend that they did not assert this ground in their motion to dismiss and they do not urge it as a basis for affirmance on appeal.  The defendants concede that the Wrights were not required to exhaust their remedies before seeking relief in the circuit court in light of the case law indicating that exhaustion is not required when the agency’s statutory jurisdiction is at issue, relying on 
County of Knox ex rel. Masterson v. The Highlands L.L.C.
, 188 Ill. 2d 546, 552 (1999).

Instead, the defendants argue that a judgment may be affirmed on any ground apparent from the record, even if the circuit court did not rely upon that ground.  Consequently, the defendants urge this court to affirm the trial court’s decision on the basis that the IDPR had the authority to continue the disciplinary proceedings after Judith allowed her license to lapse. 

“A case on appeal is rendered moot where the issues that were presented in the trial court do not exist any longer because intervening events have rendered it impossible for the reviewing court to grant the complaining party effectual relief. [Citations.]  An exception to the mootness doctrine exists when the question involved is of a substantial public nature, an authoritative determination for future guidance is needed, and the circumstances are likely to recur. 
 
[Citations.]  Another exception exists for cases involving events of short duration that are capable of repetition, yet evading review.  
[Citations.]  For that exception to apply, there must be a reasonable expectation that the same complaining party would be subject to the same action again and the action challenged must be too short in duration to be fully litigated prior to its cessation. 
 
[Citation.]  These exceptions are to be construed narrowly and require a clear showing of each criterion to bring the case within the terms. [Citation.]”  
In re India B.
,
 202 Ill. 2d 522, 542-43 (2002).

As to Robert, this appeal is not moot.  The IDPR dismissed the charges against Robert 
without prejudice
.  Consequently, the IDPR may bring the same charges against Robert at a later date and this same issue may be revisited.

Furthermore, the only issue that is to be considered on appeal is whether the Wrights, by filing their motions to dismiss before the administrative agency were precluded from access to the trial court.  This is the only issue that is before this court.  Now, that we have answered that question, it is the job of the trial court to determine whether the IDPR has subject matter jurisdiction to hear this matter.

CONCLUSION

For the foregoing reasons, the decision of the trial court is reversed and the cause remanded for further proceedings.  

Reversed and remanded.

Campbell, J. and O’Brien, J., concur.