No. 3--05--0736
Filed August 22, 2006.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

DANIEL J. SEDLOCK, JR.,            )        Appeal from the Circuit Court
                                   )        of the 13th Judicial Circuit,
        Petitioner-Appellant,      )        La Salle County, Illinois
                                   )
            v.                     )        No.  04--MR--197
                                   )
THE BOARD OF TRUSTEES OF THE       )
                                   )
POLICE PENSION FUND OF THE         )
CITY OF OTTAWA,                    )
                                   )        Honorable William Balestri,
        Respondent-Appellee.       )        Judge, Presiding.

PRESIDING JUSTICE SCHMIDT delivered the opinion of the court:

        This is an appeal of the trial court's dismissal of
petitioner Daniel Sedlock's complaint for declaratory judgment.
Sedlock asked the circuit court of La Salle County to declare
that the Board of Trustees of the Police Pension Fund of the City
of Ottawa (PPF) does not have the authority to make a final
salary determination for Sedlock in any sum other than
$84,338.31.

BACKGROUND

        Sedlock retired as chief of police of the City of Ottawa on
September 8, 2003.  Sedlock's salary, as chief of police, was

$64,000 until the city council of the City of Ottawa amended his employment agreement on August 5, 2003, to increase his annual salary to $84,338.31. The increase in his salary took effect on September 1, 2003, one week before his retirement. The PPF set a public hearing to be held on October 26, 2004, to consider what the final salary determination should be for calculating the future retirement pension of Sedlock.

Under section 3--111 of the Illinois Pension Code (the Code), a police officer shall receive a pension of one-half of the salary attached to the rank held on the last day of service. 40 ILCS 5/3--111(a) (West 2004). Pursuant to the Code, "salary" means the annual salary, including longevity attached to the police officer's rank, as established by the municipality's appropriation ordinance, including any compensation for overtime which is included in the salary established, but excluding any "overtime pay," "holiday pay," "bonus pay," "merit pay," or any other cash benefit not included in the salary so established. 40 ILCS 5/3--125.1 (West 2004).

On October 5, 2004, Sedlock filed a complaint for declaratory judgment, requesting that the court enter an order finding that the PPF has no authority under the Code to make a final annual salary determination in any sum other than the amount of $84,338.31. The PPF filed a motion to dismiss, claiming that the circuit court did not have jurisdiction over

2

the subject matter of the complaint because there was no actual controversy between the parties since the PPF had not yet made a determination as to what the salary was and no final appealable decision by the PPF had been made. Sedlock filed a motion to strike the PPF's motion to dismiss.

A hearing was held on both motions and, on May 31, 2005, the court denied Sedlock's motion to strike and granted the PPF's motion to dismiss. First, the court found that it is the PPF's fiduciary duty to determine a police officer's salary when calculating his pension. Then, the court found that dismissal was appropriate because Sedlock was required to exhaust his administrative remedies, if dissatisfied with any decision of the PPF, before seeking judicial relief in court.

There are two issues before this court. First, whether the PPF has the authority to determine what a police officer's "salary" is under the Code for the purpose of calculating the officer's pension benefit amount. The second issue is whether, after having answered the preceding question in the affirmative, the trial court properly dismissed the declaratory judgment action for lack of subject matter jurisdiction.

ANALYSIS

We affirm the circuit court. First, we address whether the court has jurisdiction to decide whether the PPF has the authority to determine Sedlock's salary. Generally, a person

3

with a claim from an administrative agency must exhaust his administrative remedies before seeking relief from the judicial system pursuant to the Illinois Administrative Review Law. 735 ILCS 5/3--101 *et seq.* (West 2004). However, the court has recognized several exceptions to the doctrine of exhaustion of administrative remedies, including when the agency's jurisdiction is attacked because a party claims that it is not authorized by statute to do something it is attempting to do, as Sedlock claims here. *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 309, 547 N.E.2d 437, 439 (1989); *Wright v. Pucinski*, 352 Ill. App. 3d 769, 773, 816 N.E.2d 808, 814 (2004). Where an administrative assertion of authority to hear or determine certain matters is challenged on its face as not authorized by the enabling legislation, such a facial attack does not implicate the exhaustion doctrine and exhaustion is not required. *Wright v. Pucinski*, 352 Ill. App. 3d at 773, 816 N.E.2d at 814. The rationalization for this exception is that when an agency's statutory authority to exercise jurisdiction is at issue, no questions of fact are involved. The agency's particular expertise is not implicated in the necessary statutory interpretation. *Wright v. Pucinski*, 352 Ill. App. 3d at 774, 816 N.E.2d at 814. Therefore, the trial court had jurisdiction to decide whether the PPF had the authority to determine Sedlock's salary for the purpose of calculating his pension under the Code.

4

Next, we consider whether the PPF has authority to determine Sedlock's "salary."  We agree with the trial court's statutory interpretation that the PPF has the authority to determine what Sedlock's salary is under the Code for the purpose of calculating his future pension. Section 3--132 of the Code provides that, pursuant to section 3--131, police pension fund boards have the exclusive control and management of the pension fund.  40 ILCS 5/3--132 (West 2004).  The fundamental purpose of a police pension fund board is to determine eligibility to participate in the fund.  *Board of Trustees of the Police Pension Fund v. Human Rights Comm'n*, 141 Ill. App. 3d 447, 455, 490 N.E.2d 232, 238 (1986).  Additionally, the trustees of the fund are statutorily designated as fiduciaries.  Section 1--101.2 of the Code provides that any person who exercises any discretionary authority or control over the money amount of a pension fund is a "fiduciary." 40 ILCS 5/1--101.2 (West 2004).  As a fiduciary, each board member is required to "discharge his or her duties with respect to the *** pension fund solely in the interest of the participants and beneficiaries and *** for the exclusive purpose of *** providing benefits to participants and their beneficiaries."  40 ILCS 5/1--109 (West 2004).

We hold that the board's statutory duties include determining what Sedlock's annual salary should be for the purpose of calculating his retirement benefits.  Granting Sedlock's request

5

could result in circuit courts being charged with making salary determinations for thousands of public employees seeking disability or retirement pensions each year. This is not what the legislature intended. The board is in the best position to determine whether Sedlock's most recent salary included overtime, holiday, bonus, or merit pay.

Next, we consider whether the court properly dismissed the complaint for declaratory judgment. Once the court properly determined the scope of the PPF's authority, there was no actual controversy between the parties since there had been no determination by the PPF as to what the salary of Sedlock was or what his retirement pension will be. Under section 3--128 of the Code, all final administrative decisions of the pension board are judicially reviewable under the provisions of the Administrative Review Law. 40 ILCS 5/3--128 (West 2004). An administrative decision is "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of [a party] and which terminates the proceedings before the administrative agency." 735 ILCS 5/3--101 (West 2004). Until there is a final appealable decision by the PPF, any action brought before the court is premature and the court does not have subject matter jurisdiction. Judicial review can only be undertaken where there is a final agency determination. *Taylor v. State Universities*

6

*Retirement System*, 159 Ill. App. 3d 372, 374, 512 N.E.2d 399, 401 (1987).

Without a final decision from the PPF, there is simply nothing for the circuit court to review. The circuit court, therefore, correctly determined that it had no subject matter jurisdiction on the issue of what Sedlock's salary should be.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

LYTTON and O'BRIEN, JJ., concur.

7