FIRST DIVISION
December 26, 2006

No. 1-05-1607

| | | |
|---|---|---|
| ESTATE OF ARSHAD MALIK | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| | ) | |
| v. | ) | No. 95 P 4347 |
| | ) | |
| JAFAR LASHKARIYA, | ) | Honorable |
| | ) | Henry A. Budzinski, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE CAHILL delivered the opinion of the court:

Arshad Malik (decedent) died testate in 1995. His estate was opened by plaintiff Sohail Khan, his executor. The first provision of decedent's will provided: "If my estate is subject to any taxes, Federal Estate Tax or any inheritance tax, all taxes shall be paid by my estate." Decedent's fiancée, Zarka Khan, also known as Afshan Khan, was named as the sole beneficiary of his estate. Other persons, including defendant Jafar Lashkariya, received nonprobate assets. The estate filed an amended petition in the probate court to apportion taxes between the estate and the recipients of nonprobate assets. The trial court dismissed plaintiff's petition for apportionment, finding that taxes were to be paid from the residue of the estate under the language of the will based on the "burden of the residue" rule. We affirm.

Plaintiff alleged in his petition for apportionment that the beneficiaries and value of the

nonprobate assets were: (1) to defendant - $139,300 from a 50% interest in a real estate contract and $202,402 from a life insurance policy; (2) to decedent's brother Parunez Malik - $300,180 from a life insurance policy; and (3) to decedent's fiancée Zarka - a residence owned in joint tenancy with decedent with a net value of $94,000.  Plaintiff stated the probate estate's assets as $185,000, derived from a 50% interest in real estate, 500 shares of stock in the decedent's retail business and his personal property.  Plaintiff claimed that after $112,845 in claims and administrative expenses, the estate was worth $72,155.  Plaintiff alleged that the estate had paid $54,605.79 in federal taxes and $23,137.65 in state taxes.  Plaintiff asked that the estate be reimbursed under the principle of equitable apportionment for its payment of taxes in the amounts of $33,196 by defendant, $19,154 by Parunez and $15,393 by Zarka.

" 'Equitable apportionment'  is the term *** used to describe the process of distributing the burden of certain estate expenses among those beneficiaries in the same proportion as they respectively cause such expenses to be incurred."  Landmark Trust Co. v. Aitken, 224 Ill. App. 3d 843, 852, 587 N.E.2d 1076 (1992).  Illinois has no statutory provisions on equitable apportionment, but our supreme court has allowed the apportionment of taxes among probate and nonprobate assets where the decedent died intestate or did not provide direction for the payment of taxes in his will.  Landmark, 224 Ill. App. 3d at 852.  Where the decedent specifically directs that taxes be paid from his residuary estate, the direction has the same effect as the application of the burden-of-the-residue rule and renders the equitable apportionment doctrine inapplicable.  Landmark, 224 Ill. App. 3d at 854.  The residuary estate must be used to satisfy taxes without contribution from the recipients of tax-generating nonprobate property, including joint tenancy

interests or life insurance proceeds.  Landmark, 224 Ill. App. 3d at 854.

Defendant filed a motion to dismiss plaintiff's petition for apportionment under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2004)).  The circuit court granted the motion, denied apportionment and ordered the estate to pay all taxes, including federal estate tax, inheritance tax and state tax.  The court relied on In re Estate of Maierhofer, 328 Ill. App. 3d 987, 989-90, 767 N.E.2d 850 (2002), for the rule that taxes are to be treated as expenses of administration and paid from the residue of the estate unless there is a contrary indication in the will.  Plaintiff appeals.

We review *de novo* the dismissal of a complaint under section 2-619 of the Code (735 ILCS 5/2-619 (West 2004).  King v. First Capital Financial Services Corp., 215 Ill. 2d 1, 12, 828 N.E.2d 1155 (2005).  Dismissal is proper under section 2-619 where the complaint raises only issues of law or easily proven issues of fact.  Wright v. Pucinski, 352 Ill. App. 3d 769, 772, 816 N.E.2d 808 (2004).  The complaint is properly dismissed where there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law.  Wright, 352 Ill. App. 3d at 773.

"The cardinal rule of will construction *** is the ascertainment of a testator's intention from the will itself."  In re Estate of Smith, 107 Ill. App. 3d 1038, 1042, 438 N.E.2d 553 (1982).  The testator's intent must be drawn from the language of the will and, if the language has a settled legal meaning, that meaning must be applied.  Smith, 107 Ill. App. 3d at 1042.  Surrounding circumstances may not be considered so as to give a meaning other than that expressed in the will unless the language is ambiguous or uncertain.  Smith, 107 Ill. App. 3d at 1042.  "The intention of

the testator is determined by ascertaining the actual meaning of the words used in the will before applying rules of construction." Smith, 107 Ill. App. 3d at 1042. "[W]here the language on its face has a clear and unmistakable meaning, that meaning will be taken as the expression of the [testator's] intention." In re Estate of Wheeler, 65 Ill. App. 2d 201, 205-06, 213 N.E.2d 35 (1965). "Tortured constructions will not negate the intention expressed on the face of the will." Wheeler, 65 Ill. App. 2d at 206.

Here, decedent directed: "all taxes shall be paid by my estate." The question we must answer is whether the phrase "my estate" contained in the will is broad enough to include the recipients of nonprobate assets in determining liability for estate taxes. No precise answer is readily apparent in Illinois case law. In the absence of a statutory or precedential direction, we believe, as did the trial court, that the word "estate" used in a will without a modifier means the assets passing under the will, and should not be broadened to include assets not passing under the will.

Plaintiff disputes this result by arguing that Maierhofer does not control because the estate there contained only probate assets, while here, there were both probate and nonprobate assets. Plaintiff's characterization of the facts in Maierhofer is not quite accurate. The court in Maierhofer characterized the estate as consisting "*almost* entirely of probate assets." (Emphasis added.) Maierhofer, 328 Ill. App. 3d at 991. That detail aside, there is nothing in Maierhofer or in other authority cited by plaintiff to support the conclusion that an estate with probate and nonprobate assets is subject to equitable apportionment even if the testator manifested a clear intent that estate taxes be paid by the estate. The language of the will here precludes

4

apportionment of the tax burden.

Plaintiff argues that under In re Estate of Rosta, 111 Ill. App. 3d 786, 444 N.E.2d 704 (1982), and In re Estate of Fender v. Fender, 96 Ill. App. 3d 1029, 422 N.E.2d 107 (1981), the burden of the residue rule should not be applied.  In Rosta, the court concluded that the doctrine of equitable apportionment applied where there were nonprobate assets in an estate which generated federal estate taxes and there was *no* direction from the decedent that precluded apportionment.  Rosta, 111 Ill. App. 3d at 799.   Here, there was direction from the decedent that estate taxes were to be paid by the estate.  In Fender, the court determined that the decedent's provision that the executrix pay all legitimate debts " 'out of the first monies available therefore' " was not a clear direction to exhaust the residue and so estate taxes were subject to apportionment among the beneficiaries of the probate and nonprobate estates.  Fender, 96 Ill. App. 3d at 1034. Here, there was a clear direction from the decedent that estate taxes were to be paid from the estate.  Neither Rosta nor Fender requires equitable apportionment of the taxes here.

Plaintiff's cause of action was properly dismissed under section 2-619 of the Code.  735 ILCS 5/2-619 (West 2004).  The judgment of the circuit court is affirmed.

Affirmed.

R. GARCIA and R.E. GORDON, JJ., concur.